UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFF HUBBARD PRODUCTIONS, INC.; <br><br> Plaintiff, <br><br> -v- <br><br> 43 NORTH BROADWAY LLC; <br><br> Defendant. | CASE NO. 25-cv-9821 <br><br> COMPLAINT <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Jeff Hubbard Productions, Inc. ("JHP" or "Plaintiff") alleges on personal knowledge as to matters relating to itself and on information and belief as to all other matters, as follows:

## NATURE OF CASE

1. Plaintiff JHP brings this action under the Copyright Act, 17 U.S.C. § 101 *et seq.* against Defendant 43 North Broadway LLC ("43 North"), for its flagrant violations of JHP's copyrights in certain sound recordings.

2. 43 North purports to be a "global rights management company focused on acquiring iconic heritage entertainment-based intellectual property assets including master recordings, music copyrights and songwriter royalties." In reality, and as illustrated by the numerous lawsuits that have been brought against 43 North by other rights holders, 43 North is in the business of wrongfully claiming rights over copyrights it does not own.

3. This case concerns the rights to several valuable master recordings recorded by the 1960's vocal group "The Vogues," which JHP acquired from the heir of the original copyright owner. Despite having absolutely no basis to claim ownership rights over the

1

copyrights, and fully aware of JHP's basis for ownership, 43 North continues to hold itself out as the owner of The Vogues recording copyrights, and is unlawfully exploiting same. JHP therefore brings this action seeking a judicial declaration that it is the rightful copyright owner of the recordings at issue, and redress for 43 North's willful violations of JHP's copyrights.

## PARTIES

4.    Plaintiff JHP is a corporation organized and existing under the laws of Indiana with its principal place of business in Indianapolis, Indiana. Its sole member is Jeff Hubbard, who has long served as the business manager for The Vogues, representing their financial interests including their royalty interests.

5.    Defendant 43 North Broadway LLC ("43 North") is a New York limited liability company with its principal place of business believed to be in this District.

## JURISDICTION AND VENUE

6.    This is a civil action against 43 North for copyright infringement under the U.S. Copyright Act, 17 U.S.C. §§ 501 & 1401 *et seq.* This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501(a), and 28 U.S.C. § 1331, 1332, and 1338.

7.    Personal jurisdiction in New York and in this District is proper pursuant to N.Y. C.P.L.R. §§ 301 and 302 because 43 North (a) resides in this District; (b) engages in continuous and systematic business in this District; (c) transacts business within New York and in this District; and (d) has committed acts of copyright infringement inside of New York.

8.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(a).

## FACTS COMMON TO ALL COUNTS

*The Copyrighted Works at Issue*

9. The Vogues, originally composed of Bill Burkette, Don Miller, Hugh Geyer, and Chuck Blasko, are a famed musical group founded in the late 1950s. Known for their four-part harmonies, The Vogues recorded a number of chart-topping hits throughout the 1960s, and appeared on hit television shows include *The Ed Sullivan Show, American Bandstand*, and *The Tonight Show.*

10. At issue are the rights to four sound recordings featuring The Vogues' performances (collectively referred to hereinafter as the "Vogues Masters"):

   a. *Five O'Clock World*;

   b. *(The) Land of Milk and Honey*;

   c. *Magic Town*;

   d. *You're the One*;

11. On information and belief, there are numerous other sound recordings featuring The Vogues that have been infringed by 43 North to date, and JHP anticipates amending its claims to expand the list of Vogues Masters to include additional infringements that will inevitably be uncovered in discovery.

12. The Vogues Masters were chart-topping singles when they were first released and continue to generate significant income due to continued interest in streaming and licensing the Vogues Masters decades later, including for use in film and television.

13. The Vogues Masters were first released on—and the copyrights thereto were first controlled by—Co & Ce Records, a Pittsburgh record label named after the last names of its founders, Herb Cohen and Nick Cenci. In 1970, the Vogues' record contract which set forth the rights in the Vogues Masters was assigned to Nick Cenci directly. Nick Cenci, in turn,

assigned the rights to his granddaughter, Cassandra Pais, in 2009, who is the direct predecessor of the rights in and to the Vogues Masters.

14. On November 6, 2020, Cassandra Pais transferred all rights, title, and interest in The Vogues' sound recordings, including The Vogues Masters, to JHP. As such, JHP presently owns and controls all of the exclusive rights in The Vogues Masters. JHP has not assigned its rights to any other individual or entity.

15. Because The Vogues Masters were fixed prior to February 15, 1972, they do not need to be registered prior to instituting an action. Instead, pursuant to the Orrin G. Hatch-Bob Goodlatte Music Modernization Act, 17 U.S.C. § 1401 *et seq.* which brought such legacy recordings under federal copyright protection, rights holders may submit schedules of such recordings to the Copyright Office to be publicly indexed. *See* 17 U.S.C. § 1401(f)(5)(A). All of the Sound Recordings were publicly indexed with the U.S. Copyright Office on September 21, 2021, and indicate that JHP is the rights owner of the copyrights therein.

*43 North's Infringement of The Vogues Masters*

16. Notwithstanding JHP's clear chain of title and rights in and to the Vogues Masters, Defendant 43 North is wrongfully holding itself out to the world as owner. It is fully aware that it is not, and that it has no basis to claim otherwise.

17. In particular, 43 North has reproduced the Vogues Masters and is distributing them on major streaming services, and has represented itself to be the owner of the Vogues Masters with SoundExchange, an organization that collects and distribute digital performance royalties on behalf of the owners of sound recordings under 17 U.S.C. § 114, in order to unlawfully divert performance royalties to it. 43 North may be exploiting the Vogues Masters in other ways to which JHP is not yet aware, but which will be revealed in discovery.

18. Upon discovering that 43 North was claiming ownership over the Vogues Masters and collecting royalties in connection therewith, JHP promptly contacted 43 North, through counsel in late 2024, informing 43 North that it was the rightful owner of the Vogues Masters, and requesting that 43 North provide documentation on which it relies to claim ownership rights in and collect royalties to same. In response, 43 North asked JHP for its own proof of ownership, but refused to provide documentation, or even commit to a mutual exchange of documentation.

19. Despite 43 North's utter lack of transparency, in an effort to resolve the dispute quickly, JHP agreed to provide 43 North with its own assignment agreement, which provided that JHP had been assigned all right, title, and interest in the Vogues Masters.

20. This was apparently insufficient to 43 North, who challenged JHP's ownership, notwithstanding the plain terms of the copyright assignment. However, when pressed for its own basis for asserting ownership, 43 North utterly refused. Instead, 43 North provided JHP with a circular response: it held the rights to the Vogues Masters because it had no reason to believe otherwise.

21. Since then, 43 North has refused to comply with several more requests to provide the basis for its ownership, and refuses to withdraw its claim to ownership. Accordingly, in June 2025, in a final effort to resolve this matter short of litigation, JHP laid out to 43 North's counsel a more detailed explanation for its chain-of-title, tracing back ownership of the Vogues Masters to their original owner, thus explaining not only how JHP came to acquire the rights to the Vogue Masters from Cassandra Pais, but how Ms. Pais acquired her rights as well. JHP provided this information notwithstanding the fact that 43 North has refused to provide even a single document evidencing its purported chain-of-title.

22. To date, 43 North has still not provided any documentation whatsoever to support its position that it holds the rights, and has still unreasonably refused to cease exploiting the Vogues Masters, wrongfully lining its own pockets with royalty and licensing income lawfully owed to JHP. This has left JHP with no choice but to file suit.

23. Unfortunately, this appears to be the *modus operandi* of 43 North, who has been sued left and right by the owners of the rights to numerous other legacy sound recordings.[1] 43 North is well aware that its shady business practices are leading to the infringement of a vast number of copyrights, yet it utterly refuses to improve those business practices and curb its infringing conduct. Instead, it continues to baselessly and in bad faith assert ownership over the copyright rights to sound recordings it has no business exploiting.

**FIRST CAUSE OF ACTION**
**DECLARATORY JUDGMENT**

24. JHP incorporates by reference each and every allegation in the following paragraphs as if fully set forth herein.

25. JHP holds all rights in and to the Vogues Masters.

26. 43 North has taken the baseless position that it is the lawful rights holders instead of JHP. Yet, when pressed for evidence to support its position, 43 North refused to provide any, and instead, without any basis, repudiated JHP's rights. All the while, 43 North continues to unlawfully exploit the Vogues Masters and wrongfully divert royalties away from JHP.

---

[1] *See, e.g., Unidisc Music, Inc. v. 43 North Broadway LLC*, No. 7:20-cv-10946-KMK (S.D.N.Y.); *GL Music, Inc. v. 43 North Broadway LLC et al.*, No. 7:24-cv-00289-KMK (S.D.N.Y.); *Charly Acquisitions, Ltd. et al. v. 43 North Broadway, LLC et al.*, No. 7:23-cv-09851-KMK-AEK (S.D.N.Y.); *Gusto Records, Inc. v. 43 North Broadway LLC et al.*, No. 7:25-cv-00569-PMH (S.D.N.Y.); *Forevermore Music, Inc. v. 43 North Broadway, LLC*, No. 6:25-cv-06078-EAW (W.D.N.Y.); *Prime Entertainment Group LLC v. 43 North Broadway, LLC*, No. 1:25-cv-06239-DLC (S.D.N.Y.).

27. An actual, substantial, and justiciable controversy thus exists between JHP and 43 North concerning ownership and control over the exclusive rights to the Vogues Masters. A judicial declaration is thereby necessary to vindicate JHP's rights.

28. Based on the foregoing, JHP requests a judicial declaration that it, and not 43 North, is the lawful owner of the copyrights in and to the Vogues Masters.

## SECOND CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT, 17 U.S.C. §§ 106, 501, 1401

29. JHP incorporates by reference each and every allegation in the foregoing paragraphs as if fully set forth herein.

30. 43 North has engaged, and continues to engage, in the unauthorized reproduction, adaptation, distribution, and public performance of the Vogues Masters for which JHP is the legal and/or beneficial copyright owner. 43 North is thus liable for the direct infringement of such Audio Fidelity Sound Recordings in violation of 17 U.S.C. §§ 106, 501, 1401 *et seq*.

31. 43 North has further knowingly and intentionally engaged in, induced, materially contributed to, supervised, controlled, authorized, and stood to gain a direct financial benefit from, countless more infringements previously carried out, and presently being carried out, by third-party intermediaries, distribution companies, streaming services, and end users who have unwittingly engaged in unauthorized reproductions, adaptations, distributions, and public performances of the Vogues Masters, of which JHP is the legal and/ beneficial copyright owner. 43 North is thus also liable for contributory and vicarious copyright infringement.

32. The infringement of each of JHP's rights in each of the Vogues Masters constitutes a separate and distinct act of infringement.

33. 43 North's wrongful conduct, as set forth above, was deliberate, intentional, knowing, malicious, and willful.

34. As a direct and proximate result of 43 North's infringement of JHP's copyrights, JHP is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c), in an amount of up to $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, at JHP's election, pursuant to 17 U.S.C. § 504(b), JHP shall be entitled to its actual damages, including 43 North's profits from infringement, as will be proven at trial. JHP is further entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

35. 43 North's conduct is causing, and unless enjoined by this Court, will continue to cause JHP great and irreparable injury that cannot fully be compensated for or measured in money, such that JHP has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, JHP is entitled to injunctive relief prohibiting further infringement of its exclusive rights under copyright.

## PRAYER FOF RELIEF

WHEREFORE, JHP seeks relief from the Court as follows:

1. For an order declaring that JHP is the lawful rights holder of the Vogues Masters.

2. For judgment on JHP's infringement cause of action set forth above, finding that 43 North willfully infringed JHP's copyright rights in and to the Vogues Masters.

3. Pursuant to 17 U.S.C. § 502, an order enjoining 43 North and its officers, agents, employees, representatives, attorneys, successors, assigns, and licensees, and all others in active concert or participation with any of them, from infringing, or causing, aiding,

enabling, facilitating, encouraging, promoting, inducing or materially contributing to or participating in the infringement of any of the Vogues Masters or any other sound recording to which JHP holds exclusive copyright rights.

4. Pursuant to 17 U.S.C. § 503, an order requiring that 43 North deliver up for destruction all unauthorized phonorecords embodying the Vogues Masters.

5. An order requiring 43 North to account for all monies paid to or earned by 43 North or its affiliates in connection with its unauthorized sale, licensing, and/or other monetization of the Vogues Masters.

6. Pursuant to 17 U.S.C. § 504(c), for statutory damages in an amount up to the maximum provided by law, arising from 43 North's willful violations of JHP's rights under the Copyright Act; or, in the alternative, at JHP's election, its actual damages pursuant to 17 U.S.C. § 504(b), including 43 North's profits from the infringement, in an amount to be proven at trial.

7. For an award of attorneys' fees and costs pursuant to 17 U.S.C. § 505;

8. For prejudgment interest at the applicable rate;

9. For such other and further relief this Court deems just and proper.

Dated: November 25, 2025					Respectfully submitted,


						/s/ Leo M. Lichtman

						Leo M. Lichtman
						ESCA Legal LLC
						1117 Sixth Avenue, Fifth Floor
						New York, NY 10036
						Tel.: (347) 745-2535
						leo@esca.legal


						***Attorney for Plaintiff Jeff Hubbard Productions, Inc.***


## **DEMAND FOR A JURY TRIAL**

JHP demands a jury trial for all issues so triable.


Dated: November 25, 2025				/s/ Leo M. Lichtman

						Leo M. Lichtman
						ESCA Legal LLC
						1117 Sixth Avenue, Fifth Floor
						New York, NY 10036
						Tel.: (347) 745-2535
						leo@esca.legal


						***Attorney for Plaintiff Jeff Hubbard Productions, Inc.***