**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFF HUBBARD PRODUCTIONS, INC.,<br>Plaintiff,<br>-v-<br>43 NORTH BROADWAY LLC,<br>Defendant. | Case No. 25-cv-09821-PMH<br>**DEFENDANT 43 NORTH BROADWAY LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br>**JURY TRIAL DEMANDED** |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant 43 North Broadway LLC ("43 North" or "Defendant"), by and through its undersigned attorney, submits the following Answer with Affirmative Defenses in response to the Complaint of Plaintiff Jeff Hubbard Productions, Inc. ("Plaintiff"), dated November 25, 2025 [ECF No. 1] (the "Complaint"), and counterclaims against Plaintiff as follows:

## NATURE OF THE CASE[1]

1. Defendant denies the allegations of paragraph 1 of the Complaint.

2. Defendant admits only that it is a "global rights management company focused on acquiring iconic heritage entertainment-based intellectual property assets including master recordings, music copyrights and songwriter royalties." Defendant denies the remaining allegations of paragraph 2 of the Complaint.

3. Defendant denies the allegations of paragraph 3 of the Complaint.

[1] Defendant, which denies all claims and allegations not otherwise expressly admitted, reproduces Plaintiff's headings for convenience only.

**PARTIES**

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and therefore denies the same.

5. Defendant admits the allegations of paragraph 5 of the Complaint.

**JURISDICTION AND VENUE**

6. Responding to paragraph 6 of the Complaint, Defendant admits that jurisdiction is proper based on the claims alleged in the Complaint, but denies that Plaintiff is entitled to any relief whatsoever.

7. Defendant admits that this Court has personal jurisdiction over it, as alleged in Paragraph 7 of the Complaint, but denies that it has committed any acts of copyright infringement or otherwise engaged in wrongdoing.

8. Responding to paragraph 8 of the Complaint, Defendant admits that venue is proper in this Court based on the claims alleged in the Complaint, but denies that Plaintiff is entitled to any relief whatsoever.

**FACTS COMMON TO ALL COUNTS**

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint and therefore denies the same.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and therefore denies the same.

11. Defendant denies the allegations of paragraph 11 of the Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and therefore denies the same.

13. Defendant denies the allegations of paragraph 13 of the Complaint.

14. Defendant denies the allegations of paragraph 14 of the Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and therefore denies the same.

16. Defendant denies the allegations of paragraph 16 of the Complaint.

17. Defendant denies the allegations of paragraph 17 of the Complaint.

18. Responding to paragraph 18 of the Complaint, Defendant admits that Plaintiff contacted Defendant through counsel in or about late 2024, but denies the remaining allegations of paragraph 18 of the Complaint.

19. Defendant denies the allegations of paragraph 19 of the Complaint.

20. Defendant denies the allegations of paragraph 20 of the Complaint.

21. Defendant denies the allegations of paragraph 21 of the Complaint.

22. Defendant denies the allegations of paragraph 22 of the Complaint.

23. Defendant denies the allegations of paragraph 23 of the Complaint.

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT

24. Responding to paragraph 24 of the Complaint, Defendant realleges and incorporates its prior responses as if fully set forth herein.

25. Defendant denies the allegations of paragraph 25 of the Complaint.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. Defendant denies the allegations of paragraph 27 of the Complaint.

28. Responding to paragraph 28 of the Complaint, Defendant admits that Plaintiff seeks a judicial declaration, but denies that Plaintiff is entitled to any relief whatsoever.

**SECOND CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT, 17 U.S.C. §§ 106, 501, 1401**

29. Responding to paragraph 29 of the Complaint, Defendant realleges and incorporates its prior responses as if fully set forth herein.

30. Defendant denies the allegations of paragraph 30 of the Complaint.[2]

31. Defendant denies the allegations of paragraph 31 of the Complaint.

32. Defendant denies the allegations of paragraph 32 of the Complaint.

33. Defendant denies the allegations of paragraph 33 of the Complaint.

34. Defendant denies the allegations of paragraph 34 of the Complaint.

35. Defendant denies the allegations of paragraph 35 of the Complaint.

**RESPONSE TO PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

The Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

Plaintiff is unable to show exclusive ownership of any alleged copyright right, nor does submitting a schedule to the Copyright Office pursuant to 17 U.S.C. § 1401 evidence exclusive ownership of a copyright. As such, Plaintiff's claims are barred because Plaintiff lacks standing.

**Third Affirmative Defense**

Plaintiff's claims and prayer for relief are barred by the applicable statute of limitations.

---

[2] Plaintiff uses the term "Audio Fidelity Sound Recordings" for the first time in paragraph 30 of the Complaint without defining the term. To the extent Plaintiff is referring to The Vogues Masters as defined in paragraph 10 of the Complaint, Defendant similarly denies the allegations of paragraph 30.

**Fourth Affirmative Defense**

The alleged conduct of Defendant was innocent and lacked willfulness.

**Fifth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because any acts allegedly undertaken by Defendant were authorized, permitted, and/or undertaken pursuant to a valid license.

**Sixth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, or must be reduced, to the extent Plaintiff failed to exercise reasonable care and diligence to mitigate its alleged damages.

**Seventh Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not sustained any damages as a result of any act or omission attributable to Defendant.

**Eighth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because the damages allegedly sustained by Plaintiff are speculative and uncertain.

**Ninth Affirmative Defense**

Plaintiff's damages, if any, were a result of intervening and superseding events not caused or contributed to by Defendant.

**Tenth Affirmative Defense**

Plaintiff's claims are barred by the doctrines of waiver, acquiescence, laches, and/or estoppel.

**Eleventh Affirmative Defense**

Plaintiff's claims are barred from any and all relief by the doctrine of unclean hands.

**Twelfth Affirmative Defense**

Plaintiff's requests for damages and other monetary recovery are barred, in whole or in part, because any such recovery would unjustly enrich Plaintiff.

**Thirteenth Affirmative Defense**

Plaintiff's claims are barred due to misuse of the copyright by the purported copyright owner(s).

**Fourteenth Affirmative Defense**

Plaintiff or its predecessor owners of the alleged copyright rights failed to enforce their rights, resulting in the abandonment of any copyright rights.

**Fifteenth Affirmative Defense**

Plaintiff's First Cause of Action (Declaratory Judgment) is barred due to the absence of a legitimate or justiciable controversy.

**RESERVATION OF RIGHTS**

Defendant reserves the right to assert additional claims and defenses as discovery proceeds.

**FOR A FURTHER DEFENSE AND BY WAY OF COUNTERCLAIMS**

Defendant 43 North Broadway LLC ("43 North"), by its attorneys, as and for its Counterclaims against plaintiff Jeff Hubbard Productions, Inc. ("JHP"), alleges as follows:

**PARTIES**

1. 43 North is a limited liability company with its principal place of business in the State of New York.

2. JHP is a corporation organized and existing under the laws of Indiana with its principal place of business in the State of Indiana.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the Counterclaims under 28 U.S.C. §§ 1331, 1338(a), and 2201, and under 28 U.S.C. § 1367(a) because the claims under state law are so related to JHP's federal claims that they form part of the same case or controversy.

4. This Court has personal jurisdiction over JHP based at least upon N.Y. CPLR §§ 302(2) and 302(3), and JHP's submission to the jurisdiction of this Court through the filing of the Complaint.

5. Venue is proper in this district under 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6. JHP is a corporation engaged in distributing music through a variety of platforms, including Spotify, Apple Music, and other streaming services, either directly and/or through licensed distribution partners.

7. 43 North is a rights management company engaged in purchasing, managing, and licensing catalogs of music. 43 North similarly distributes music through a variety of digital platforms.

8. On October 13, 2015, 43 North entered into an Asset Purchase Agreement ("APA") with Fuel 2000 Records, Inc. ("Fuel"), whereby 43 North acquired all of Fuel's rights, title, and interest in certain sound recordings, including The Vogues Masters.[3]

9. Following this acquisition, the SoundExchange, a Washington, D.C. based corporation that collects and distributes digital performance royalties, listed The Vogues Masters under 43 North's name.

[3] The "Vogues Masters" is used herein as defined in Plaintiff's Complaint [ECF No.1]. (Pl.'s Compl. ¶ 10).

10. Music rights holders register accounts with the SoundExchange, which then distributes royalties to those rights holders based on data reflecting the use of their music on digital platforms.

11. At a time period believed to be in or around late 2025, JHP submitted a claim to the SoundExchange, representing itself to be the rightful owner of The Vogues Masters.

12. As a result of JHP's representations, the SoundExchange froze royalty distributions, thereby depriving 43 North of revenues to which it is lawfully entitled.

13. To date, and in an attempt to evidence ownership of The Vogues Masters, JHP has only provided 43 North with a single one-and-a-half-page agreement between Cassandra Pais ("Pais") and JHP, dated November 6, 2020 (the "Pais-JHP Agreement").

14. Upon information and belief, Cassandra Pais did not have exclusive ownership of The Vogues Masters, free and clear of all claims and encumbrances, when she sought to convey such ownership rights to JHP through the Pais-JHP Agreement.

15. Upon information and belief, it was known to JHP at the time JHP provided some, but not all, links in the chain of title, that JHP did not possess exclusive ownership of The Vogues Masters, free and clear of all claims and encumbrances.

16. The Pais-JHP Agreement purports to convey all of Pais' rights, title and interest in and to sound recordings embodying a performance of The Vogues to the extent they are owned by Pais.

17. Missing from the Pais-JHP Agreement is a description, much less a showing, of which sound recordings were conveyed to JHP, what rights Pais had to convey, or how Pais acquired those rights.

18. As a result of JHP's knowingly false claims to the SoundExchange, 43 North has been deprived, and is currently being deprived, of royalty payments that the SoundExchange has frozen pending the resolution of this dispute, costing 43 North time, revenue, and reputational injury.

**FIRST COUNTERCLAIM:**
**TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**
**(New York Common Law)**

19. 43 North incorporates by reference the paragraphs above as if fully set forth herein.

20. A valid contract existed between 43 North and the SoundExchange whereby the SoundExchange distributed royalties to 43 North pursuant to, among other things, 43 North's rights in and to The Vogues Masters and their use across digital platforms.

21. JHP knew of this contract, as evidenced by its claim to the SoundExchange disputing 43 North's rights in and to The Vogues Masters.

22. JHP is unable to show that it holds any exclusive rights in and to The Vogues Masters. As such, JHP is not only intentionally, but unjustifiably interfering with the performance of the contract between the SoundExchange and 43 North, improperly causing the SoundExchange to withhold royalties from 43 North.

23. As a result of JHP's actions, 43 North is being deprived of revenues to which it is lawfully entitled, and has incurred costs and reputational injury as the result of JHP's actions.

**SECOND COUNTERCLAIM:**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**
**In the Alternative to Tortious Interference with Contractual Relations**
**(New York Common Law)**

24. 43 North incorporates by reference the paragraphs above as if fully set forth herein.

25. 43 North and the SoundExchange have an existing business relationship whereby the SoundExchange distributes royalties to 43 North pursuant to, among other things, 43 North's rights in and to The Vogues Masters and their use across digital platforms.

26. JHP knew of this relationship, as evidenced by its claim to the SoundExchange disputing 43 North's rights in and to The Vogues Masters.

27. JHP is unable to show that it holds any exclusive rights in and to The Vogues Masters. As such, JHP's interference with the business relationship between 43 North and the SoundExchange is baseless and dishonest.

28. As a result of JHP's actions, the relationship between 43 North and the SoundExchange has been injured, as illustrated by, among other things, the withholding of royalty distributions owed to 43 North.

## PRAYER FOR RELIEF

WHEREFORE, 43 North requests that the Court enter judgment in its favor and against JHP on both the Complaint and Counterclaims as follows:

1. For dismissal of the Complaint with prejudice;
2. For an Order entering judgment in 43 North's favor on the Counterclaims;
3. For an award of damages 43 North has sustained, and will sustain, by reason of JHP's conduct, and all profits derived by JHP from such conduct;
4. For pre- and post-judgment interest;
5. For costs and attorneys' fees to the extent permitted by law; and
6. For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Fed.R.Civ.P. 38, 43 North demands a trial by jury on all issues so triable.

Dated: February 6, 2026
New York, New York

COZEN O'CONNOR

*/s/ Lisa A. Ferrari*
Lisa A. Ferrari (LF8081)
3 WTC
175 Greenwich Street, 55th Floor
New York, New York 10007
Tel.: (212) 297-2699
Fax: (646) 588-1459
Email: LFerrari@cozen.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEFENDANT 43 NORTH BROADWAY LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** has been filed electronically and is available for viewing and downloading from the ECF System, and is being served upon all counsel of record via ECF transmission in accordance with the Electronic Filing System of the Court, on February 6, 2026.

*/s/ Lisa A. Ferrari*