CDAS

LEO M. LICHTMAN
Partner
(212) 497-0913
llichtman@cdas.com

July 28, 2026

**VIA ECF**
Hon. Philip M. Halpern, USDJ
United States District Court, Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Re: *Jeff Hubbard Productions, Inc. v. 43 North Broadway LLC,* No. 7:25-cv-09821-PMH**
**Combined Letter Regarding Discovery and Joint Request to Extend Deadlines**

Dear Judge Halpern:

We represent Plaintiff/Counterclaim-Defendant Jeff Hubbard Productions, Inc. ("JHP"). We submit this letter jointly with counsel for Defendant/Counterclaim-Plaintiff 43 North Broadway LLC ("43 North") pursuant to the Court's Individual Rule 4.D. to outline certain discovery disputes which have not yet been resolved. JHP requests a conference pursuant to the Court's Individual Rule 4.D; 43 North opposes the request. Additionally, pursuant to Fed. R. Civ. P. 16(b)(4) and the Court's Individual Rule 1.C., the parties, for good cause, jointly seek to amend the Civil Case Discovery Plan and Scheduling Order (ECF 18) ("Scheduling Order").

The parties first met and conferre

email since then, and subsequently met a

## I. Discovery Issues Raised by JHP

### a. Brief Overview

In this dispute over the rights to

parties exchanged discovery requests on M

12, JHP's counsel emailed 43 North's cou

to JHP's Requests for Production (the "R

documents (a small fraction of JHP's pro

Application granted. A conference has been scheduled for August 17, 2026 at 10:00 a.m. concerning the matters raised in the parties' July 28, 2026 letter (Doc. 27). The conference will be held in person in Courtroom 520 of the White Plains courthouse. The parties are directed to meet and confer by August 7, 2026 concerning these matters and shall endeavor to resolve their discovery disputes without the Court's intervention. The parties shall advise the Court by letter if the issues raised herein have been resolved prior to the scheduled conference. The deadline to complete fact discovery is extended to October 12, 2026; and the deadlines to complete expert discovery and all discovery are extended to November 24, 2026. The case management conference scheduled for November 5, 2026 is adjourned to January 25, 2027 at 12:00 p.m. to be held by telephone using the same dial-in instructions as the initial conference.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
July 29, 2026

that they are "following up with our client" regarding the scope of disputed RFPs (addressed below). With fact discovery set to close in a few weeks, JHP has no choice but to seek judicial intervention.[1]

**b. With Minor Exception, 43 North Has Entirely Failed to Comply With Document Discovery**

43 North has produced only eight (8) documents to date.[2] The documents relate solely to 43 North's purported rights in the Vogues Masters. These are documents that JHP has been requesting ***since 2024*** (ECF No. 1 ¶ 18). They are also documents that the parties had discussed providing prior to discovery "in aid of early settlement" (ECF No. 18, ¶ 10.a) yet did not produce until recently, after JHP's counsel had to raise the lack of document production during the June 25 meet-and-confer. While 43 North has in principle agreed to completing its document production in "late July" ahead of depositions, there is ***zero*** indication that 43 North has made any effort whatsoever to search for and collect documents responsive to the RFPs beyond the few select documents that 43 North has long known to be at issue.

**c. 43 North's Refusal to Produce Documents Responsive to RFP Nos. 2, 3, 5, and 8[3]**

These RFPs specifically concern the Vogues Masters, such as communications concerning the Vogues Masters, and the ways 43 North is exploiting them. They go directly to the heart of this case, including *inter alia*, 43 North's understanding as to what rights it believes it owns in the Vogues Masters, and the nature and extent of 43 North's allegedly infringing conduct. 43 North refuses to produce ***any*** documents responsive to these Requests. Instead, it noted it would "meet and confer to discuss an appropriate modification of this Request," but at the meet-and-confer, 43 North appeared to rest its

---

[1] 43 North's conduct represents a pattern of delay. As the Court may recall, JHP was forced to seek entry of the model protective order unilaterally, after receiving no substantive input from 43 North's counsel for weeks. (ECF No. 21.) Indeed, this lawsuit may have been avoided entirely but for 43 North's lack of cooperation and transparency. (ECF No. 1, ¶¶ 18-22.)

[2] Several documents were redacted for reasons other than privilege, which is improper. *See Trireme Energy Holdings, Inc. v. Innogy Renewables US LLC*, 2022 WL 621957, at *3 (S.D.N.Y. Mar. 3, 2022). While 43 North produced an unredacted version of one document following the meet and confer, its counsel maintains that 43 North does not have unredacted versions of two other documents which were produced with redactions. Based on the representations of counsel, JHP is not moving to compel production of the unredacted versions of the two additional documents, but reserves its right to later raise the issue.

[3] Relevant RFPs and 43 North's responses are attached herewith as Exhibit A.

objection largely on burdensomeness, without providing any factual basis for same. *See, e.g., Wang v. Elphin-Rittmon*, 2023 WL 7384389, at *5 (D. Conn. Nov. 8, 2023).[4]

## II. <u>43 North's Position</u>

This dispute arises out of the parties' competing claims to royalty revenues associated with certain sound recordings featuring the musical group, The Vogues. Based on information provided by Cassandra Pais, the original copyright owner's granddaughter and heir, JHP obtained its purported rights through misrepresentations and bullying tactics directed at her, including through threats of litigation based on allegations that her grandfather had violated a Settlement Agreement she had never even seen.

The current Scheduling Order in this action requires the parties to complete all fact discovery by August 12, 2026. [ECF No. 18]. In e-mail correspondences following the parties' June 25, 2026 meet and confer, 43 North agreed that it "intend[s] to largely complete document production by the end of July." As already communicated to JHP, 43 North is continuing to collect, review, and produce documents responsive to JHP's RFPs in anticipation of the agreed-upon end-of-July date. JHP's requests were served on May 14, 2026, not in 2024 as JHP implies; also, JHP had no reason other than gamesmanship to unilaterally seek the entry of the Protective Order without waiting for comments from 43 North. 43 North's objections to JHP's discovery requests are warranted, and JHP's requests for relief should be denied.

### A. RFP Nos. 2, 3, 5, and 8 are Vague, Ambiguous, Unduly Burdensome, and Disproportionate to the Needs of This Case.

43 North maintains its objections to JHP's Request Nos. 2, 3, 5, and 8.

---

[4] 43 North appears to take the position that the RFPs may cover documents that do not explicitly mention the Vogues Masters, to the extent that certain documents may relate to other recordings in addition to the Vogues Masters. But documents need not be expressly limited to the Vogues Masters to be relevant, and 43 North has made no showing of undue burden.

Request No. 2 seeks "Documents and Communications concerning (i) all ways 43 North is or has been exploiting the Vogues Masters, and (ii) all parties involved in said exploitation." As explained at the June 25, 2026, meet and confer, 43 North views the terms "all ways," "all parties," and "involved" as vague and ambiguous. 43 North's chain-of-title documents include several agreements dating back to the 1980s—agreements to which 43 North was not a party. As JHP has declined to place any temporal limitation on its Requests, it remains unclear whether, for example, JHP considers the parties to those decades-old agreements "involved" in the exploitation of the Vogues Masters, and, if so, whether and to what extent 43 North is expected to search for communications with them. Moreover, some of these agreements encompass the transfer of thousands of sound recordings unrelated to this litigation. Request No. 2 does not make clear whether it seeks communications concerning those unrelated sound recordings, which are not relevant to any party's claim or defense and not proportional to the needs of the case. Although JHP's counsel indicated during the meet-and-confer that they would consider revising RFP No. 2 to address this ambiguity, JHP has not done so.

43 North maintains its objections to RFP Nos. 3, 5, and 8 on similar grounds. Those Requests seek, respectively, "all communications concerning the Vogues Masters," "all communications concerning [43 North's Asset Purchase Agreement]," and "documents and communications concerning 43 North's exploitation, distribution, or administration of the Vogues Masters[.]".

As drafted, RFP Nos. 3, 5, and 8 do not make clear whether they encompass documents and communications concerning aspects of the Asset Purchase Agreement or earlier agreements in 43 North's chain of documents that are wholly unrelated to The Vogues. Following the meet and confer, JHP represented that it was seeking all such materials. Construed this broadly, however, the Requests are overbroad, unduly burdensome, and disproportionate to the needs of the case. The agreements at issue encompass thousands of sound recordings, many of which have their own chains of title and related

agreements, while JHP alleges infringement of only four specific recordings. For example, the Asset Purchase Agreement identifies certain recordings subject to geographic restrictions and incorporates separate agreements governing those recordings, none of which involves The Vogues. Requiring 43 North to identify, collect, and review potentially thousands of agreements and related communications concerning artists and recordings unrelated to this action would impose a burden disproportionate to the limited claims at issue. To date, JHP has made no effort to narrow their requests to issues relevant to this action.

## III. <u>The Parties' Jointly Seek to Amend the Scheduling Order</u>

Under the current Scheduling Order, all fact discovery shall be completed by August 12, 2026, and expert discovery shall be completed by September 25, 2026. The parties jointly seek a sixty (60) day extension of these deadlines, to October 12, 2026 and November 24, 2026 respectively. The case is not yet set for trial, and the next case management conference is set for November 5, 2026. The parties' proposed revised Scheduling Order for remaining dates are filed herewith as Exhibit B. This is the first request for an extension by either party, which is sought primarily for three reasons:

First, an extension will give time to address the parties' discovery disputes identified above, much of which has already been narrowed through the meet-and-confer process and subsequent communications. Though 43 North disagrees, JHP contends that 43 North has not complied with discovery, and the fact stands that 43 North has only produced eight (8) documents to date. *See Busrel Inc. v. Dotton*, 2022 WL 22907221, at *1 (W.D.N.Y. June 9, 2022) (non-compliance with discovery constitutes good cause for amending discovery plan).

Second, the parties are beginning to explore settlement following the initial exchange of documents, and an extension will allow the parties to devote additional resources to seeking a potential

resolution without the added pressure of resolving the ongoing discovery disputes and completing fact discovery by August 12.

Third, both parties anticipate seeking leave to file amended pleadings. The basis for the parties' requests will be detailed in forthcoming motions. If the Court is amenable to accepting the amended pleadings, a discovery extension will provide additional time to conduct discovery on any amended claims if necessary.

Wherefore, pursuant to Federal Rule 16(b)(4) and good cause having been shown, the parties request that the Case Management Schedule be modified as set forth in Exhibit B attached hereto.

Respectfully Submitted,

By: /s/ Leo M. Lichtman
Leo M. Lichtman
Cowan, DeBaets, Abrahams & Sheppard LLP
60 Broad Street.
30th Floor
New York, NY 10004

*Attorney for Plaintiff Jeff Hubbard Productions, Inc.*

By: /s/ Lisa A. Ferrari
Lisa A. Ferrari (LF8081)
Fred Chu (6189435)
Cozen O'Connor
3 WTC
175 Greenwich St.
55th Floor
New York, NY 10007

*Attorneys for Defendant 43 North Broadway, LLC*

cc: All Counsel of Record (via ECF)