**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFF HUBBARD PRODUCTIONS, INC.;<br><br>Plaintiff,<br><br>-v-<br><br>43 NORTH BROADWAY, LLC;<br><br>Defendant. | **CASE NO. 7:25-cv-09821-PMH**<br><br>**AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jeff Hubbard Productions, Inc. ("JHP" or "Plaintiff") alleges on personal knowledge as to matters relating to itself and on information and belief as to all other matters, as follows:

## NATURE OF CASE

1. Plaintiff JHP brings this action under the Copyright Act, 17 U.S.C. § 101 *et seq.* against Defendant 43 North Broadway, LLC ("43 North"), for its flagrant violations of JHP's copyrights in certain sound recordings.

2. 43 North purports to be a "global rights management company focused on acquiring iconic heritage entertainment-based intellectual property assets including master recordings, music copyrights and songwriter royalties." In reality, and as illustrated by the numerous lawsuits that have been brought against 43 North by other rights holders, 43 North is in the business of wrongfully claiming rights over copyrights it does not hold.

3. This case concerns the rights to several valuable master recordings recorded by the 1960's vocal group "The Vogues," which JHP acquired from the heir of the original copyright owner. Despite having absolutely no basis to claim any rights over the copyrights, and

fully aware of JHP's basis for ownership, 43 North continues to hold itself out as holding rights to The Vogues recording copyrights that it does not have, based on a dubious chain of authorization, and is unlawfully exploiting same. JHP therefore brings this action, on its own behalf, and on behalf of the individual members of The Vogues and their heirs, seeking a judicial declaration that JHP is the rightful copyright owner of the recordings at issue, redress for 43 North's willful violations of JHP's copyrights, and in the alternative, for an order holding that the contract from which 43 North purports to claim rights has been validly terminated.

## PARTIES

4. Plaintiff JHP is a corporation organized and existing under the laws of Indiana with its principal place of business in Indianapolis, Indiana. Its sole member is Jeff Hubbard, who has long served as the business manager for The Vogues, representing their financial interests including their royalty interests.

5. Defendant 43 North Broadway, LLC ("43 North") is a New York limited liability company with its principal place of business believed to be in this District.

## JURISDICTION AND VENUE

6. This is a civil action against 43 North for copyright infringement under the U.S. Copyright Act, 17 U.S.C. §§ 501 & 1401 *et seq.* This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501(a), and 28 U.S.C. § 1331, 1332, and 1338.

7. Personal jurisdiction in New York and in this District is proper pursuant to N.Y. C.P.L.R. §§ 301 and 302 because 43 North (a) resides in this District; (b) engages in continuous and systematic business in this District; (c) transacts business within New York and in this District; and (d) has committed acts of copyright infringement inside of New York.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(a).

**FACTS COMMON TO ALL COUNTS**

*The Copyrighted Works at Issue*

9. The Vogues, originally composed of Bill Burkette, Don Miller, Hugh Geyer, and Chuck Blasko, are a famed musical group founded in the late 1950s. Known for their four-part harmonies, The Vogues recorded a number of chart-topping hits throughout the 1960s, and appeared on hit television shows include *The Ed Sullivan Show, American Bandstand*, and *The Tonight Show.*

10. At issue are the rights to sound recordings featuring The Vogues' performances that were originally released on Co & Ce Records (collectively referred to hereinafter as the "Vogues Masters"). A schedule of the Vogues Masters is attached hereto as Exhibit A.

11. The Vogues Masters were chart-topping singles when they were first released and continue to generate significant income due to continued interest in streaming and licensing the Vogues Masters decades later, including for use in film and television.

12. The Vogues Masters were first released on—and the copyrights thereto were first controlled by—Co & Ce Records, a Pittsburgh record label named after the last names of its founders, Herb Cohen and Nick Cenci. In 1970, the Vogues' record contract which set forth the rights in the Vogues Masters was assigned to Nick Cenci directly. Nick Cenci, in turn, assigned the rights to his granddaughter, Cassandra Pais, in 2009, who is the direct predecessor of the rights in and to the Vogues Masters.

13. On November 6, 2020, Cassandra Pais transferred all rights, title, and interest in the copyrights to The Vogues' sound recordings, including The Vogues Masters, to JHP. As such, JHP presently owns and controls all of the exclusive rights in The Vogues Masters. JHP has not assigned its rights to any other individual or entity.

14. Because of JHP's ongoing representation of The Vogues' financial interests, The Vogues' members, or where applicable their heirs, have been fully aware and supportive of the assignment of rights to JHP. As exclusive owner of the copyrights in the Vogues Masters, JHP brings this action on its own behalf, and on behalf of the individual members of The Vogues and/or their heirs.

15. Because The Vogues Masters were fixed prior to February 15, 1972, they do not need to be registered prior to instituting an action. Instead, pursuant to the Orrin G. Hatch-Bob Goodlatte Music Modernization Act, 17 U.S.C. § 1401 *et seq.* which brought such legacy recordings under federal copyright protection, rights holders may submit schedules of such recordings to the Copyright Office to be publicly indexed. *See* 17 U.S.C. § 1401(f)(5)(A). All of the Sound Recordings were publicly indexed with the U.S. Copyright Office on September 21, 2021, and indicate that JHP is the rights owner of the copyrights therein.

*43 North's Infringement of The Vogues Masters*

16. Notwithstanding JHP's clear chain of title and rights in and to the Vogues Masters, Defendant 43 North is wrongfully holding itself out to the world as holding rights it does not have.

17. In particular, 43 North has reproduced several of the Vogues Masters, is distributing them on major streaming services, and has represented itself to be the owner of the Vogues Masters with SoundExchange, an organization that collects and distributes digital performance royalties specifically afforded to the "copyright owner of the exclusive right" under 17 U.S.C. § 114(g)(2), in order to unlawfully divert digital performance royalties to it. 43 North may be exploiting the Vogues Masters in other ways to which JHP is not yet aware, but which will be revealed in discovery.

18. To date, JHP has discovered 43 North reproducing, distributing, and/or collecting royalties in connection with the following Vogues Masters:

a. *Five O'Clock World*;

b. *(The) Land of Milk and Honey*;

c. *Magic Town*;

d. *You're the One*;

e. *You Baby*

f. *Autumn*

19. The extent of 43 North's conduct has not yet been fully discovered, and on information and belief, 43 North may be exploiting other Vogues Masters not listed above.

20. Upon discovering that 43 North was distributing and claiming ownership over these Vogues Masters and collecting royalties in connection therewith, JHP promptly contacted 43 North, through counsel in late 2024, informing 43 North that it was the rightful owner of the Vogues Masters, and requesting that 43 North provide documentation on which it relies to claim ownership rights in and collect royalties to same. In response, 43 North asked JHP for its own proof of ownership, but refused to provide documentation, or even commit to a mutual exchange of documentation.

21. Despite 43 North's utter lack of transparency, in an effort to resolve the dispute quickly, JHP agreed to provide 43 North with its own assignment agreement, which provided that JHP had been assigned all right, title, and interest in the Vogues Masters.

22. This was apparently insufficient to 43 North, who challenged JHP's ownership, notwithstanding the plain terms of the copyright assignment. However, when pressed for its own basis for asserting ownership, 43 North utterly refused. Instead, 43 North provided JHP

with a circular response: it held the rights to the Vogues Masters because it had no reason to believe otherwise.

23. 43 North subsequently refused to comply with several more requests to provide the basis for its ownership, and refuses to withdraw its claim to ownership. Accordingly, in June 2025, in a final effort to resolve this matter short of litigation, JHP laid out to 43 North's counsel a more detailed explanation for its chain-of-title, tracing back ownership of the Vogues Masters to their original owner, thus explaining not only how JHP came to acquire the rights to the Vogue Masters from Cassandra Pais, but how Ms. Pais acquired her rights as well. JHP provided this information notwithstanding the fact that 43 North had refused to provide even a single document evidencing its purported rights.

24. 43 North's refusal to provide any documentation whatsoever to support its position that it holds the rights, and unreasonable refusal to cease exploiting the Vogues Masters, left JHP with no choice but to file suit.

25. It was not until June 2026—months into the discovery process and nearly two years after JHP first requested them—that 43 North produced documents that it appears to be relying on to claim ownership. But the documents affirmatively demonstrate that 43 North *does not* hold any exclusive rights in the Vogues Masters.

26. Rather, as JHP has recently learned, 43 North contends that it acquired a limited, non-exclusive license, to a limited subset of the Vogues Masters, through a chain of agreements which ultimately trace back to a 1989 license agreement that grants limited rights to manufacture and distribute phonographs for home use, juke box, or in means of transportation (the "1989 License Agreement").

27. 43 North has not been able to demonstrate that it is the successor to rights licensed under the 1989 License Agreement and upon information and belief, 43 North will not be able to do so, because it does not have records to establish its chain of authorization. But even if 43 North could demonstrate that it is the successor to the rights licensed under the 1989 License Agreement, 43 North never acquired ownership of the Vogues Masters.

28. Relying on its incomplete chain of authorization from the 1989 License Agreement, 43 North is improperly holding itself out as if it were the copyright owner, including by improperly and baselessly representing to SoundExchange, digital distributors, streaming services, and other third parties that it is the copyright owner, exploiting the Vogues Masters well outside the scope of the limited grant of rights set forth in the 1989 License Agreement, and not abiding by any of the obligations that it purportedly acquired under the 1989 License Agreement, including the obligation to pay royalties and provide accounting statements to the licensor.

29. In fact, 43 North has even collected royalties from SoundExchange in connection with *Autumn*, a Vogues Master that was never part of the 1989 License Agreement to begin with, demonstrating that 43 North is not even trying to ensure that the 1989 License Agreement authorizes its current uses of the Vogues Masters, but rather, is leveraging the 1989 License Agreement—which it cannot even establish it acquired—as a vehicle for falsely claiming copyright ownership and collecting royalties it is not entitled to collect.

30. Unfortunately, this appears to be the *modus operandi* of 43 North, who has been sued left and right by the owners of the rights to numerous other legacy sound

recordings.[1] 43 North is well aware that its shady business practices are leading to the infringement of a vast number of copyrights, yet it utterly refuses to improve those business practices and curb its infringing conduct. Instead, it continues to baselessly and in bad faith assert ownership over the copyright rights to sound recordings it has no business exploiting.

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT

31. JHP incorporates by reference each and every allegation in the following paragraphs as if fully set forth herein.

32. JHP holds all rights in and to the Vogues Masters.

33. 43 North has taken the baseless position that it is the lawful rights holder instead of JHP. Yet, when pressed for evidence to support its position, 43 North refused to provide any, and instead, without any basis, repudiated JHP's rights. All the while, 43 North continues to unlawfully exploit the Vogues Masters and wrongfully divert royalties away from JHP.

34. An actual, substantial, and justiciable controversy thus exists between JHP and 43 North concerning ownership and control over the exclusive rights to the Vogues Masters. A judicial declaration is thereby necessary to vindicate JHP's rights.

35. Based on the foregoing, JHP requests a judicial declaration that it, and not 43 North, is the lawful owner of the copyrights in and to the Vogues Masters.

## SECOND CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT, 17 U.S.C. §§ 106, 501, 1401

[1] *See, e.g., Unidisc Music, Inc. v. 43 North Broadway LLC*, No. 7:20-cv-10946-KMK (S.D.N.Y.); *GL Music, Inc. v. 43 North Broadway LLC et al.*, No. 7:24-cv-00289-KMK (S.D.N.Y.); *Charly Acquisitions, Ltd. et al. v. 43 North Broadway, LLC et al.*, No. 7:23-cv-09851-KMK-AEK (S.D.N.Y.); *Gusto Records, Inc. v. 43 North Broadway LLC et al.*, No. 7:25-cv-00569-PMH (S.D.N.Y.); *Forevermore Music, Inc. v. 43 North Broadway, LLC*, No. 6:25-cv-06078-EAW (W.D.N.Y.); *Prime Entertainment Group LLC v. 43 North Broadway, LLC*, No. 1:25-cv-06239-DLC (S.D.N.Y.).

36. JHP incorporates by reference each and every allegation in the foregoing paragraphs as if fully set forth herein.

37. 43 North has engaged, and continues to engage, in the unauthorized reproduction, adaptation, distribution, and public performance of the Vogues Masters for which JHP is the legal and/or beneficial copyright owner. 43 North is thus liable for the direct infringement of the Vogues Masters in violation of 17 U.S.C. §§ 106, 501, 1401 *et seq.*

38. 43 North has further knowingly and intentionally engaged in, induced, materially contributed to, supervised, controlled, authorized, and stood to gain a direct financial benefit from, countless more infringements previously carried out, and presently being carried out, by third-party intermediaries, distribution companies, streaming services, and end users who have unwittingly engaged in unauthorized reproductions, adaptations, distributions, and public performances of the Vogues Masters, of which JHP is the legal and/ beneficial copyright owner. 43 North is thus also liable for contributory and vicarious copyright infringement.

39. The infringement of each of JHP's rights in each of the Vogues Masters constitutes a separate and distinct act of infringement.

40. 43 North's wrongful conduct, as set forth above, was deliberate, intentional, knowing, malicious, and willful.

41. As a direct and proximate result of 43 North's infringement of JHP's copyrights, JHP is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c), in an amount of up to $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, at JHP's election, pursuant to 17 U.S.C. § 504(b), JHP shall be entitled to its actual damages, including 43 North's profits from infringement, as

will be proven at trial. JHP is further entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

42. 43 North's conduct is causing, and unless enjoined by this Court, will continue to cause JHP great and irreparable injury that cannot fully be compensated for or measured in money, such that JHP has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, JHP is entitled to injunctive relief prohibiting further infringement of its exclusive rights under copyright.

**THIRD CAUSE OF ACTION**
**BREACH OF CONTRACT (IN THE ALTERNATIVE)**

43. JHP incorporates by reference each and every allegation in the foregoing paragraphs as if fully set forth herein.

44. To the extent 43 North can demonstrate that it acquired all rights under the 1989 License Agreement, and that it is a valid and enforceable contract, JHP, as the current copyright owner of the Vogues Masters, is the successor to all rights of the licensor (or "lessor," as used in the 1989 License Agreement).

45. Pursuant to the 1989 License Agreement, the licensee (or "lessee," as used in the 1989 License Agreement) was granted a non-exclusive right to certain of the Vogues Masters "for the sole purpose of manufacturing and distributing sound recordings . . . primarily for home use, juke box, or use on or in means of transportation." In exchange, the lessee is required to abide by the following obligations:

a. Lessee shall pay a royalty representing a percentage of the suggested retail list price for all LPs, compact discs, and tapes sold for distribution in the United States and abroad;

b. Lessee shall provide accounting statements on a bi-yearly basis; and

c. Lessee recognizes that lessor is the owner of all rights in and to the master recordings and the performances embodied therein.

46. To the extent 43 North can demonstrate that it has assumed the role of the lessee under the 1989 License Agreement, it has utterly failed to meet any of these obligations.

47. First, 43 North continues to exploit the Vogues Masters across digital platforms, well outside the scope of the grant, which was intended to cover manufacture and sale of records, compact discs, and tapes, not digital distribution and transmission of the Vogues Masters, and certainly not the administration of § 114 statutory royalties that are explicitly reserved for the sound recording copyright owner.

48. Second, regardless of whether 43 North's conduct falls within the scope of the grant, 43 North has never made a single royalty payment, provided a single accounting statement, or otherwise reported any of its licensing activities to JHP.

49. Third, 43 North has falsely held itself out as the copyright owner of the Vogues Masters to third parties, in contravention of its acknowledgment that it is *not* the copyright owner of the Vogues Masters.

50. 43 North is therefore in breach of the 1989 License Agreement.

51. 43 North's breaches are material because they go to the essence of the 1989 License Agreement. By acting well outside the scope of the license, not paying any royalties, not accounting to JHP for 43 North's uses of the Vogues Masters, and instead falsely holding itself out as the copyright owner of the Voguers Masters, 43 North has undermined the principal purpose for granting a license in the first place.

52. As a direct and proximate result of 43 North's breach, JHP is entitled to terminate the 1989 License Agreement.

53. As a direct and proximate result of 43 North's breach, JHP has been damaged in an amount to be determined at trial.

**PRAYER FOF RELIEF**

WHEREFORE, JHP seeks relief from the Court as follows:

1. For an order declaring that JHP is the lawful rights holder of the Vogues Masters.

2. For judgment on JHP's infringement cause of action set forth above, finding that 43 North willfully infringed JHP's copyright rights in and to the Vogues Masters.

3. Pursuant to 17 U.S.C. § 502, an order enjoining 43 North and its officers, agents, employees, representatives, attorneys, successors, assigns, and licensees, and all others in active concert or participation with any of them, from infringing, or causing, aiding, enabling, facilitating, encouraging, promoting, inducing or materially contributing to or participating in the infringement of any of the Vogues Masters or any other sound recording to which JHP holds exclusive copyright rights.

4. Pursuant to 17 U.S.C. § 503, an order requiring that 43 North deliver up for destruction all unauthorized phonorecords embodying the Vogues Masters.

5. An order requiring 43 North to account for all monies paid to or earned by 43 North or its affiliates in connection with its unauthorized sale, licensing, and/or other monetization of the Vogues Masters.

6. Pursuant to 17 U.S.C. § 504(c), for statutory damages in an amount up to the maximum provided by law, arising from 43 North's willful violations of JHP's rights under the Copyright Act; or, in the alternative, at JHP's election, its actual damages pursuant to 17

U.S.C. § 504(b), including 43 North's profits from the infringement, in an amount to be proven at trial.

7. For an order holding that JHP has a valid right to terminate any rights 43 North purportedly acquired under the 1989 License Agreement and/or damages due to 43 North's material breach thereof;

8. For an award of attorneys' fees and costs pursuant to 17 U.S.C. § 505;

9. For prejudgment interest at the applicable rate;

10. For such other and further relief this Court deems just and proper.

Dated: August 17, 2026

Respectfully submitted,

*/s/ Leo M. Lichtman*

Leo M. Lichtman
Cowan, DeBaets, Abrahams & Sheppard, LLP
60 Broad Street, 30th Floor
New York, NY 10004
Tel.: (212) 974-7474
Fax: (212) 974-8474
llichtman@cdas.com

***Attorneys for Jeff Hubbard Productions, Inc.***

**DEMAND FOR A JURY TRIAL**

JHP demands a jury trial for all issues so triable.

Dated: August 17, 2026

*/s/ Leo M. Lichtman*

Leo M. Lichtman
Cowan, DeBaets, Abrahams & Sheppard, LLP
60 Broad Street, 30th Floor
New York, NY 10004
Tel.: (212) 974-7474
Fax: (212) 974-8474
llichtman@cdas.com

***Attorneys for Jeff Hubbard Productions, Inc.***

***Attorney for Plaintiff Jeff Hubbard Productions, Inc.***