Application granted. The Court waives any pre-motion conference requirement, grants Defendant leave to move to dismiss, and sets the following briefing schedule: Defendant's motion to dismiss shall be served, not filed, by October 5, 2026; Plaintiff's opposition shall be served, not filed, by October 23, 2026; Defendant's reply shall be served by November 6, 2026; and all papers shall be filed on the reply date, November 6, 2026.

Separately, the Clerk of Court is respectfully requested to terminate Doc. 35, the letter-motion seeking an adjournment of the settlement conference with Magistrate Judge Krause, as an order was entered rescheduling that conference (Doc. 37).

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
September 4, 2026

August 27, 2026

**VIA ECF**

Hon. Philip M. Halpern
U.S. District Judge, SDNY
The Honorable Charles L. Brie
Federal Building and United St
300 Quarropas Street
White Plains, NY 10601-4150

**Re: *Jeff Hubbard Productions, Inc. v. 43 North Broadway LLC*, No. 25-cv-09821-PMH**

Dear Judge Halpern:

We represent Defendant/Counterclaim-Plaintiff 43 North Broadway LLC ("43 North"). Pursuant to the Court's August 17, 2026, Order and Rule 2(C) of Your Honor's Individual Practices, we request a pre-motion conference in connection with an anticipated motion to dismiss the First Amended Complaint ("FAC") of Plaintiff/Counterclaim-Defendant Jeff Hubbard Productions, Inc. ("JHP" or "Plaintiff"). *See* Dkt. No. 33.

## I. The FAC Fails to Plausibly Allege a Claim of Breach of Contract.

### A. Plaintiff Fails to Allege That it is a Party to the 1989 License Agreement.

The FAC does not plausibly allege that either Plaintiff or 43 North are parties to, or are otherwise bound by, the 1989 License Agreement ("Agreement"). To state a claim for breach of contract, Plaintiff must plead, *inter alia,* "facts surrounding the formation of the contract such as . . . the parties to the contract, and that the parties to be bound assented to the contract." *Shake Shack Enters., LLC v. Brand Design Co., Inc.*, 708 F. Supp.3d 515, 523 (S.D.N.Y. 2023) (dismissal with prejudice where allegations merely speculated that defendant was a party to contract); *Rynasko v. New York Univ.*, 63 F.4th 186, 194 (2d Cir. 2023) ("[A] non-party to the contract lacks standing to sue for breach absent a valid assignment of the claim.").

Plaintiff alleges that 43 North breached the Agreement by failing to satisfy certain contractual obligations. FAC ¶¶ 45-51. The Agreement, however, is an agreement between a Nick Cenci and Red Dog Express, Inc. Neither Plaintiff nor 43 North were parties to the Agreement. To cure this defect, Plaintiff asserts that, "as the current copyright owner of the Vogues Masters, [it] is the successor to all rights of the licensor [*i.e.*, Nick Cenci]" under the Agreement. FAC ¶ 44. Thus, Plaintiff contends, 43 North, as the successor licensee, owes contractual obligations to Plaintiff. *Id.* ¶ 45.

Plaintiff wrongfully assumes that acquiring ownership of a copyright automatically transfers contractual rights beyond the scope of the copyright. It does not. *Mills Music, Inc. v. Snyder*, 469 U.S. 153, 167–68 (1985) (copyright licensees had "no direct contractual obligation to the new owner of the copyright," because transfer of copyright ownership did not itself assign licensor's contractual rights); *cf. Artists Rts. Enf't Corp. v. Est. of King*, No. 16-CV-1121, 2017 WL 2062988, at *3 (S.D.N.Y. May 15, 2017) ("[A] promise of royalty payments may exist separately from a promise to transfer any direct interest in or rights under a copyright."). The FAC does not allege that the Agreement, or the contractual right to receive royalties, accounting statements, or recognition of ownership under that agreement, was ever assigned to it. Nor does the FAC identify any other basis as to why Plaintiff has the right to enforce those contractual rights. Plaintiff has failed to allege a viable claim for a breach of contract or standing to enforce such breach.

**B. Plaintiff Fails to Allege that 43 North is Bound by the Agreement.**

Even assuming, *arguendo*, that Plaintiff has adequately alleged standing to enforce the Agreement, the breach of contract claim fails because Plaintiff does not allege that 43 North is bound by that agreement. 43 North is not a party to the Agreement, and Plaintiff fails to allege any

facts showing that 43 North has assumed the licensee's contractual obligations. Instead, the FAC ¶ 46 pleads only that, "[t]o the extent" 43 North can demonstrate that it has assumed the role of licensee, 43 North has failed to satisfy certain obligations. The FAC contains no factual allegations that 43 North executed, assumed, or acquired the Agreement, nor has 43 North asserted that it acquired the rights and obligations embedded therein.[1] The claim is subject to dismissal pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

## II. Plaintiff's Copyright Infringement Claim Should be Dismissed Because 43 North Has a Valid License to Distribute and Reproduce the Vogues Masters.[2]

Plaintiff's copyright infringement claim fails because 43 North has, at a minimum, a valid license to distribute and reproduce the Vogues Masters. Plaintiff alleges that 43 North infringed its copyright rights by "reproducing, distributing, and/or collecting royalties" in connection with certain Vogues Masters. FAC ¶ 18. Plaintiff challenges the adequacy of 43 North's license because: (1) "upon information and belief, . . . 43 North does not have records to establish its chain of authorization," *id.* ¶ 27; and (2) even if 43 North's rights "trace back" to the . . . Agreement, that agreement only granted "limited rights to manufacture and distribute phonographs for home use, juke box, or in means of transportation . . . ." *Id.* ¶ 26.

The allegation "upon information and belief" concerning 43 North's chain of authorization does not plausibly allege a lack of authorization. Although facts may be pleaded on information and belief, the pleaded facts must still provide a factual basis making the inference of liability

---

1 To the extent Plaintiff has construed 43 North's interrogatory response as an admission that 43 North assumed the rights and obligations imposed by the Agreement, Plaintiff is wrong. The interrogatory sought the identification of all documents "relevant to the claims and defenses in this action," and 43 North identified various agreements "concerning the ownership . . . and exploitation" of the Vogues Masters. That response is a far cry from an admission that 43 North is a party to, or is otherwise bound by, the Agreement.

2 43 North is entitled to challenge the sufficiency of all claims of the Amended Complaint, notwithstanding its answer to the original Complaint. *Kalin v. Xanboo, Inc*, 526 F. Supp. 2d 392, 398 (S.D.N.Y. 2007). Also, the FAC asserts additional facts and allegations with respect to the original claims, further justifying the anticipated motion.

plausible, rather than merely possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff alleges no facts plausibly alleging that 43 North cannot establish a chain of authorization.

Even under Plaintiff's alternate theory that 43 North acquired only the rights granted by the Agreement, that agreement explicitly authorizes the distribution and reproduction of the subject sound recordings. Plaintiff's characterization of the Agreement omits critical language. While Plaintiff alleges that the Agreement granted "limited rights to manufacture and distribute phonographs for home use, juke box, or in means of transportation," FAC ¶ 26, the Agreement expressly authorizes a broader license for:

> ***manufacturing and <u>distributing</u> sound recordings***, "records", "phonograph records", "recordings" and "sound recordings", ***all forms of records and <u>reproduction</u> by which sound may be recorded now known or which may hereafter become known***, manufactured or sold primarily for home use, juke box, or use on or in means of transportation, including, without limiting the foregoing, magnetic recording tape, film, electronic video recordings ***and any other medium or device for the <u>production of artistic performance</u>*** manufactured or sold primarily for home use, juke box use on or in means of transportation, whether embodying: (i) Sound alone or (ii) Sound Synchronized with visual images . . . . (emphasis added).

Put simply, the Agreement expressly grants the rights to reproduce and distribute the sound recordings—the very conduct Plaintiff alleges exceeded 43 North's authority.[3]

With the challenged reproduction and distribution expressly authorized by the Agreement, Plaintiff is left only with its allegation that 43 North wrongfully received royalties. But the allegedly wrongful receipt of royalties, standing alone, cannot support a copyright infringement

---

3 The FAC's reference to "adaptation" and "public performance" rights are unsupported by any factual allegations. FAC ¶¶ 37-38. Moreover, sound recordings did not enjoy a federal public-performance right when the Agreement was entered into. Congress did not create that right until the Digital Performance Right in Sound Recordings Act of 1995. Act of Nov. 1, 1995, Pub. L. No. 104-39, 104th Cong., 1st Sess., 109 Stat. 33, generally effective, Feb. 1, 1996. Nevertheless, the Agreement covered "all forms of records and reproduction by which sound may be recorded now known or which may hereafter become known . . .", which confirms the licensee's authorization to use sound recordings with such later-developed technologies. *Chambers v. Time Warner, Inc.*, 123 F. Supp. 2d 198, 200-201 (S.D.N.Y. 2000), *vacated on other grounds*, 282 F.3d 147 (2d Cir. 2002).

claim. *Hayes v. Carlin Am., Inc.*, 168 F. Supp. 2d 154, 158 (S.D.N.Y. 2001) ("[R]oyalty rights are contract rights (rather than exclusive rights under federal copyright law)[.]").

**III. Count I for Declaratory Judgment is Duplicative.**

If the copyright infringement claim survives, the Court should dismiss its declaratory judgment claim. Count I, which seeks a judicial declaration that Plaintiff is the lawful owner of the copyrights in and to the Vogues Masters, is duplicative of the copyright infringement claim because both claims require the Court to determine whether Plaintiff owns the rights in the Vogues Masters. Courts routinely dismiss declaratory judgment claims that duplicate substantive causes of action. *Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 249 (S.D.N.Y. 2006). By seeking a declaration regarding ownership and exploitation rights in the same sound recordings as the copyright, the claim presents no independent controversy warranting separate declaratory relief. *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305-06 (2d Cir. 2004).

**IV. Plaintiff Cannot Assert Claims on Behalf of The Vogues or Their Heirs.**

The FAC alleges that Plaintiff is acting "on behalf of" members of The Vogues and their heirs. FAC ¶¶ 3, 14. Yet, the FAC does not identify who these persons are or allege that any such individual is a plaintiff, assigned claims to Plaintiff, or authorized Plaintiff to sue on his or her behalf. *Navana Logistics Ltd. v. TW Logistics, LLC*, No. 15-CV-856, 2016 WL 796855, at *7 (S.D.N.Y. Feb. 23, 2016). The FAC ¶¶ 13, 14, 32 alleges that Plaintiff owns all rights in the recordings. If that were true, there should be no basis for Plaintiff to seek relief on behalf of unidentified third parties; if not true, the FAC pleads no facts establishing Plaintiff's authority to assert these claims. Plaintiff lacks standing to assert any claims on behalf of members or heirs of The Vogues and these claims should therefore be dismissed or stricken. Fed.R.Civ.P. 12(b)(6), 12(f)(2), and 17(a).

Respectfully submitted,

COZEN O'CONNOR

*/s/ Lisa A. Ferrari*

By: Lisa A. Ferrari