CDAS

LEO M. LICHTMAN
Partner
(212) 497-0913
llichtman@cdas.com

November 6, 2026
**VIA ECF**
Hon. Philip M. Halpern, USDJ
United States District Court, Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Re:** ***Jeff Hubbard Productions, Inc. v. 43 North Broadway LLC,*** **No. 7:25-cv-09821-PMH**
**Letter Motion to File Under Seal**

Dear Judge Halpern:

On behalf of Plaintiff/Counterclaim-Defendant Jeff Hubbard Productions, Inc. ("JHP") in the above-captioned matter, we write jointly with Defendant/Counterclaim-Plaintiff 43 North Broadway LLC ("43 North") pursuant to Your Honor's Individual Rules & Practices in Civil Cases Rule 5.B to request permission to file under seal certain confidential exhibits which were served in connection with 43 North's Partial Motion to Dismiss.

More specifically, the parties have designated certain exhibits "Confidential" or "Attorneys' Eyes Only" pursuant to the Protective Order entered in this case (Dkt. No. 26), which provides that "no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits."(Dkt. No. 26 ¶ 1.) Pursuant to ECF No. 39, 43 North will be filing all of the fully briefed motion papers. Exhibits A, B, C, G, and H to the Declaration of Leo M. Lichtman in Opposition to 43 North's Partial Motion to Dismiss ("Lichtman Decl.") are designated "Confidential" or "Attorneys' Eyes Only," and as such, the parties desire to file these documents under seal.

"[A] party seeking a protective order sealing trial, other court hearings, or motions and accompanying exhibits filed with the court must satisfy a . . . standard of good cause." *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222–23 (S.D.N.Y. 2006) (citations omitted). "[A] district court . . . enjoys considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in our courts." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). "Ordinarily, good cause exists 'when a party shows that disclosure will result in a clearly defined, specific and serious injury.'" *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d at 221 (quotation omitted)).

Exhibits A, B, C, G, and H to the Lichtman Decl. contain arrangements relating to the copyrights at issue in this case which have not been publicly disclosed. Good cause exists to seal these documents because the terms of these arrangements are not publicly known, and disclosure could risk harming the parties' bargaining power in future contract negotiations. *See, e.g., New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) ("Courts can seal 'business information that might harm a litigant's competitive standing' in the market." (quoting *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009))); *IBM Corp. v. Micro Focus (US), Inc.*, No. 22-CV-9910 (VB)(VR), 2024 WL 495137, at *1 (S.D.N.Y. Feb. 8, 2024) ("Courts in this District routinely permit parties to seal or redact commercially

sensitive information to protect confidential business interests and financial information"); *Louis Vuitton Mallatier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing "business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit" (internal quotation marks omitted)). It is for this reason that the exhibits were designated as "Confidential" or "Attorney's Eyes Only" pursuant to the Protective Order. Additionally, Exhibit G contains a third-party's social security number, and as such will be filed with redactions absent leave to file under seal.

Accordingly, the Court should find that good cause exists to seal this document in order to prevent such harm to the Parties. *See Actavis, PLC*, 2014 WL 5353774, at *3.

The parties do not seek to seal all their exhibits, but instead have made individual determinations as to the propriety of sealing pursuant to the Court's Individual Practices. Accordingly, good cause exists to seal the above-referenced documents.

We thank the Court for its time and consideration.

Respectfully Submitted,

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

*/s/Leo M. Lichtman*
Leo M. Lichtman
60 Broad Street, 30th Floor
New York, New York 10004
Tel.: (212) 974-7474
llichtman@cdas.com

*Attorney for Jeff Hubbard Productions, Inc.*

cc: All Counsel of Record (via ECF)