**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFF HUBBARD PRODUCTIONS, INC.,<br>Plaintiff,<br>-v-<br>43 NORTH BROADWAY LLC,<br>Defendant. | **Case No. 25-cv-09821-PMH**<br><br>**ORAL ARGUMENT REQUESTED** |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS

COZEN O'CONNOR

Lisa A. Ferrari (LF8081)
Frederick Chu (6189435)
3 World Trade Center,
175 Greenwich Street, 55th Floor
New York, New York 10007
Tel:. 212-297-2699
Fax: 646-588-1459
Email: lferrari@cozen.com
fchu@cozen.com

*Attorneys for Defendant*
*43 North Broadway, LLC*

## TABLE OF CONTENTS

I. STATEMENT OF FACTS .......... 2

II. LEGAL STANDARD .......... 3

III. ARGUMENT .......... 4

A. The Amended Complaint Fails to Plausibly Allege a Claim for Breach of Contract. .......... 4

1. Plaintiff Fails to Allege That it is a Party to, or Has Standing to Enforce, the 1989 License Agreement. .......... 4

2. The Amended Complaint Fails to Allege that 43 North is Bound by the 1989 License Agreement. .......... 7

B. The Declaratory Judgment Claim Should Be Dismissed Because It Is Both Duplicative of the Copyright Infringement Claim and Preempted. .......... 9

1. Count I for Declaratory Judgment is Duplicative of Plaintiff's Copyright Infringement Claim. .......... 9

2. Count I for Declaratory Judgment is Preempted by the Copyright Act. .......... 11

IV. CONCLUSION .......... 13

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*ABKCO Music, Inc. v. Harrisongs Music, Ltd.*,
944 F.2d 971 (2d Cir. 1991)....................5

*Andrews v. Freemantlemedia IVA, Inc.*,
No. 13 CIV. 5174, 2014 WL 6686590 (S.D.N.Y. Nov. 20, 2014), *aff'd*,
613 F. App'x 67 (2d Cir. 2015) ....................3

*Arag-A Ltd. v. Republic of Argentina*,
178 F. Supp. 3d 192 (S.D.N.Y. 2016), *aff'd sub nom. Attestor Value Master Fund v. Republic of Argentina*, 940 F.3d 825 (2d Cir. 2019)....................9, 12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................3, 5

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
493 F.3d 87 (2d Cir. 2007)....................2

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*,
373 F.3d 296 (2d Cir. 2004)....................11, 12

*Broecker v. Widows Sons Grand Chapter the King's Guard Inc.*,
No. 21-CV-6309, 2021 WL 5309716 (W.D.N.Y. Nov. 15, 2021) ....................10

*Chambers v. Time Warner, Inc.*,
282 F.3d 147 (2d Cir. 2002)....................3

*Crabtree v. Tristar Automotive Grp., Inc.*,
776 F.Supp. 155 (S.D.N.Y.1991) ....................8

*Cuoco v. Moritsugu*,
222 F.3d 99 (2d Cir. 2000)....................12

*Dow Jones & Co. v. Harrods Ltd.*,
346 F.3d 357 (2d Cir. 2003)....................9, 11

*Eannazzo v. Village of Elmsford, New York*,
No. 25-CV-9585, 2026 WL 100795 (S.D.N.Y. Jan. 14, 2026) ....................1

*Fedak v. YIMBY, Inc.*,
No. 17 CIV. 8825, 2018 WL 6697963 (S.D.N.Y. Dec. 20, 2018)....................3

*Fischer & Mandell, LLP v. Citibank, N.A.*,
632 F.3d 793 (2d Cir. 2011)....................4

*Fonar Corp. v. Domenick*,
105 F.3d 99 (2d Cir. 1997)....................10

*Fuji Photo Film U.S.A., Inc. v. McNulty*,
669 F. Supp. 2d 405 (S.D.N.Y. 2009)....................4

*Harris v. Mills*,
572 F.3d 66 (2d Cir. 2009)....................3

*Hayes v. Carlin Am., Inc.*,
168 F. Supp. 2d 154 (S.D.N.Y. 2001)....................5, 6

*Lombardo v. Dr. Seuss Enterprises, L.P.*,
No. 16 Civ. 9974, 2017 WL 1378413 (S.D.N.Y. Apr. 7, 2017)....................1

*Lotes Co. v. Hon Hai Precision Indus. Co.*,
753 F.3d 395 (2d Cir. 2014)....................2

*Mangiafico v. Blumenthal*,
471 F.3d 391 (2d Cir. 2006)....................3

*Maverick Recording Co. v. Chowdhury*,
No. CIVA CV07-640, 2008 WL 3884350 (E.D.N.Y. Aug. 19, 2008)....................10

*Mercator Corp. v. Windhorst*,
159 F. Supp. 3d 463 (S.D.N.Y. 2016)....................7

*Mills Music, Inc. v. Snyder*,
469 U.S. 153 (1985)....................5

*Nat'l Basketball Ass'n v. Motorola, Inc.*,
105 F.3d 841 (2d Cir.1997)....................11

*Ricciuti v. New York City Transit Authority*,
No. 90 Civ. 2823, 1991 WL 221110 (S.D.N.Y. Oct. 3, 1991)....................1

*Rosset Fam. Legacy Holdings, LLC v. Oakes*,
No. 25-cv-9398, 2026 WL 2859814 (S.D.N.Y. Sep. 23, 2026)....................12

*Rynasko v. New York Univ.*,
63 F.4th 186 (2d Cir. 2023)....................5

*Shake Shack Enters., LLC v. Brand Design Co., Inc.*,
708 F. Supp.3d 515 (S.D.N.Y. 2023)....................4, 7

*SM Kids, LLC v. Google LLC*,
963 F.3d 206 (2d Cir. 2020)....................3

*TransformaCon, Inc. v. Vista Equity Partners, Inc.*,
No. 15cv3371, 2015 WL 4461769 (S.D.N.Y. July 21, 2015) ....................7

*TufAmerica, Inc. v. Universal Music Publ'g, Inc.*,
No. 24 CIV. 2585, 2025 WL 2700249 (S.D.N.Y. Sept. 23, 2025)....................10

*We Shall Overcome Found. v. Richmond Org., Inc. (TRO Inc.)*,
221 F. Supp. 3d 396 (S.D.N.Y. 2016)....................12

*Wilton v. Seven Falls Co.*,
515 U.S. 277 (1995)....................9, 11

**Statutes**

17 U.S.C. § 102....................11

17 U.S.C. § 102(a) ....................12

17 U.S.C. § 103....................11

17 U.S.C. § 106....................11, 12

17 U.S.C. § 114(a) ....................6

17 U.S.C. § 301(a) ....................11

**Other Authorities**

Fed.R.Civ.P. 12(a)(4)....................1

Fed.R.Civ.P. 12(b)(6)....................1, 2, 3, 7

Fed.R.Civ.P. 12(b)(1)....................3

Defendant 43 North Broadway, LLC ("Defendant" or "43 North"), by its attorneys, submits this Memorandum of Law in support of its motion, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss with prejudice Counts I and III of the Amended Complaint (the "FAC") of plaintiff Jeff Hubbard Productions, Inc. ("Plaintiff" or "JHP"), for failure to state a claim. Dkt. No. 33.

At issue in this case are certain master sound recordings, which are paradigmatic works protected under the Copyright Act. At a pre-motion conference held on August 17, 2026, the Court denied Plaintiff's request to assert several obviously deficient new claims, and questioned the basis for the assertion of others. *See* Minute Entry dated August 17, 2026. Nonetheless, Plaintiff amended its Complaint to assert claims for a judicial declaration that JHP is the lawful owner of the copyrights in and to the Vogues Masters [Count I], copyright infringement [Count II], and breach of contract [Count III].

43 North now makes this motion to dismiss the declaratory judgment claim [Count I] as duplicative of Plaintiff's copyright infringement claim, and furthermore, because it is preempted by the Copyright Act. Plaintiff's breach of contract claim [Count III] likewise fails because the Amended Complaint fails to allege that JHP is a party to the underlying agreement, or that JHP was assigned the contractual rights or obligations arising under that agreement.

As set forth herein, Defendant's motion should be granted, and Counts I and III of the Amended Complaint dismissed with prejudice. [1]

---

[1] Fed.R.Civ.P. 12(a)(4) suspends the time to answer any claim upon the filing of any motion, including a partial motion to dismiss. *See Eannazzo v. Village of Elmsford, New York*, No. 25-CV-9585, 2026 WL 100795, at *1 (S.D.N.Y. Jan. 14, 2026) ("the Court finds that Defendants need not answer the remaining claims until 14 days after the Court rules on their partial motion to dismiss"); *Lombardo v. Dr. Seuss Enterprises, L.P.,* No. 16 Civ. 9974, 2017 WL 1378413, at *3 (S.D.N.Y. Apr. 7, 2017) ("the filing of any motion under Rule 12 postpones a defendant's time to answer until fourteen days after the motion is decided"); *Ricciuti v. New York City Transit Authority*, No. 90 Civ. 2823, 1991 WL 221110, at *2 (S.D.N.Y. Oct. 3, 1991) ("Any motion, particularly when the motion addresses a significant portion of the complaint ... will suspend the time to answer any claim."). Accordingly, 43 North requests that Defendant's deadline

## I. STATEMENT OF FACTS[2]

This action concerns certain sound recordings featuring performances by the 1960's vocal group "The Vogues" (the "Vogues Masters"). FAC ¶ 10. Plaintiff alleges that it acquired ownership of the copyrights in the Vogues Masters through a 2020 transfer from Cassandra Pais, who allegedly obtained the copyrights from her grandfather, Nick Cenci, a co-founder of the record label on which the Vogues Masters were allegedly first released. *Id.* ¶ 12. Plaintiff further alleges that 43 North has reproduced, distributed, or otherwise exploited the Vogues Masters without authorization. *Id.* ¶¶ 16-18. Based on those allegations, Plaintiff asserts claims for declaratory judgment, copyright infringement, and breach of contract. *Id.* ¶¶ 31–53.

Plaintiff's breach of contract claim is predicated on a 1989 license agreement (the "1989 License Agreement") for the use of certain sound recordings featuring The Vogues. *Id.* ¶¶ 25-30, 44-46. Plaintiff does not allege that it was a party to the 1989 License Agreement. Rather, Plaintiff alleges that it is "the successor to all rights of the licensor" merely by virtue of being the copyright owner of the Vogues Masters. *Id.* ¶ 44.

Likewise, Plaintiff does not allege that 43 North is a signatory to the 1989 License Agreement (it is not). Instead, Plaintiff alleges that "[t]o the extent 43 North can demonstrate that it has assumed the role of the lessee under the 1989 License Agreement," 43 North failed to satisfy certain obligations purportedly arising thereunder. *Id.* ¶ 46. The amended pleading does not allege why any such obligations would be owed to JHP beyond its status as an alleged copyright owner.

---

to file a responsive pleading be tolled until fourteen days after the Court renders a decision on this Motion, or that the Court order a date certain by which Defendant's responsive pleading must be filed.

[2] The allegations of the Amended Complaint are accepted as true for purposes of this motion brought pursuant to Fed.R.Civ.P. 12(b)(6). *See Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 403 (2d Cir. 2014). 43 North disputes many of Plaintiff's alleged facts, however, and reserves the right to present contrary facts and evidence for all other purposes.

## II. LEGAL STANDARD

The Court must dismiss a complaint under Rule 12(b)(6) if the plaintiff does not "provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (internal citation omitted); Fed.R.Civ.P. 12(b)(6).[3] "[A]lthough 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In applying this standard, a court must ignore "mere conclusory statements" or legal conclusions; the Court may only consider the factual allegations in the complaint and determine whether they plausibly state a claim on which relief can be granted. *Ashcroft,* 556 U.S. at 678. "[A] sheer possibility that a defendant has acted unlawfully" is not enough. *Id.*; *see Fedak v. YIMBY, Inc.*, No. 17 CIV. 8825, 2018 WL 6697963, *6-7 (S.D.N.Y. Dec. 20, 2018); *Andrews v. Freemantlemedia IVA, Inc.*, No. 13 CIV. 5174, 2014 WL 6686590, *5 (S.D.N.Y. Nov. 20, 2014), *aff'd*, 613 F. App'x 67 (2d Cir. 2015).

Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002)).

[3] 43 North also challenges Plaintiff's contractual standing, which the Second Circuit has made clear is properly analyzed under Rule 12(b)(6), rather than Rule 12(b)(1), because it concerns the plaintiff's contractual rights, not Article III standing. *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 210-12 (2d Cir. 2020).

# III. ARGUMENT

## A. The Amended Complaint Fails to Plausibly Allege a Claim for Breach of Contract.

The Amended Complaint fails to plausibly allege that either JHP or 43 North is a party to, or is otherwise bound by, the 1989 License Agreement. To sufficiently state a claim for breach of contract, "a plaintiff must allege (1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages." *Shake Shack Enters., LLC v. Brand Design Co., Inc.*, 708 F. Supp.3d 515, 523 (S.D.N.Y. 2023) (quoting *Fischer & Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d Cir. 2011)). Embedded in this standard is the requirement that a plaintiff plead "facts surrounding the formation of the contract such as the date the parties entered into the contract, the major terms of the contract, the parties to the contract, and that the party to be bound assented to the contract." *Shake Shack*, 708 F. Supp.3d at 523 (quoting *Fuji Photo Film U.S.A., Inc. v. McNulty*, 669 F. Supp. 2d 405, 412 (S.D.N.Y. 2009)).

The Amended Complaint alleges that, "[t]o the extent 43 North can demonstrate that it has assumed the role of the [licensee] under the 1989 License Agreement," 43 North has breached the contract by failing to meet obligations contained therein. FAC ¶ 46. As explained in greater detail below, dismissal of this claim is warranted because neither Plaintiff nor 43 North is a party to the 1989 License Agreement, and neither is alleged to have been assigned the contractual rights or obligations arising under that agreement.

### 1. Plaintiff Fails to Allege That it is a Party to, or Has Standing to Enforce, the 1989 License Agreement.

Plaintiff's breach of contract claim rests on the mistaken assumption that ownership of the Vogues Masters copyrights automatically makes it the successor to all rights of the licensor under the 1989 License Agreement. FAC ¶ 44. It does not. In fact, this Court itself questioned that assumption when considering whether to permit amendment of the Complaint. August 17, 2026

Hearing Tr. 14:11–15 (THE COURT: "[B]ut what rights would you have under [the 1989 License Agreement]? Just because you're the copyright owner, you assume [the] position of licensor?").[4]

The Court's skepticism was warranted. The premise of Plaintiff's breach of contract claim ignores a fundamental distinction between copyright ownership and contractual rights. Courts have long recognized that an assignment of copyright ownership does not automatically transfer separate contractual rights under pre-existing license agreements. *Mills Music, Inc. v. Snyder*, 469 U.S. 153, 167-68 (1985) (licensees had "no direct contractual obligation to the new owner of the copyright" because the transfer of copyright ownership did not itself assign the licensor's contractual rights); *Hayes v. Carlin Am., Inc.*, 168 F. Supp. 2d 154, 158 (S.D.N.Y. 2001) (transfer of copyright ownership, without more, does not encompass separate contractual rights); *cf. ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir. 1991) ("[A] copyright owner can assign its copyright but, if the accrued causes of action are not expressly included in the assignment, the assignee will not be able to prosecute them.").

Nor must the Court accept as true Plaintiff's erroneous legal conclusion that it succeeded to all rights of the licensor under the 1989 License Agreement by virtue of acquiring the Vogues Masters copyrights. *Ashcroft*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Furthermore, it is a well-established principle of contract law that a non-party to a contract, such as Plaintiff, "lacks standing to sue for breach absent a valid assignment of the claim." *Rynasko v. New York Univ.*, 63 F.4th 186, 194 (2d Cir. 2023).

---

[4] Plaintiff's counsel's response to this inquiry was: "I would think so." August 17, 2026 Hearing Tr. 14:15. Later in the hearing, the Court reiterated that it had "no idea whether [Plaintiff] ha[d] rights under the 1989 agreement or not . . . . You say you do, but you're not a party to it and the Defendant is not a party to it, and so I'm not inclined at this juncture to permit an amendment. That said, you're free to do whatever you think you need to do to protect your client's interests . . . ." *Id.* at 20:17-23.

Here, the Amended Complaint does not allege that JHP is a party to the 1989 License Agreement, nor does it allege an assignment of the 1989 License Agreement to JHP. Instead, JHP merely asserts that, "as the current copyright owner of the Vogues Masters, [it] is the successor to all rights of the licensor[.]" FAC ¶ 44. Without alleging any additional facts establishing Plaintiff's standing to enforce the 1989 License Agreement, the Amended Complaint simply goes on to identify three obligations that 43 North purportedly failed to perform. *Id.* ¶¶ 45-46. As explained above, however, JHP's alleged acquisition of the copyrights in the Vogues Masters, without more, does not plausibly establish that it succeeded to the licensor's *contractual* rights under the 1989 License Agreement. Put another way, even assuming that Plaintiff acquired the copyrights in the Vogues Masters, Plaintiff does not, and cannot, plausibly allege that it assumed the licensor's contractual rights under the 1989 License Agreement. Because Plaintiff is neither a party to the 1989 License Agreement, nor an assignee of its contractual claims, Plaintiff lacks standing to sue for breach of contract.

Furthermore, none of the obligations Plaintiff seeks to enforce in its breach of contract claim overlap with rights conferred by copyright ownership. The Amended Complaint alleges that 43 North breached the 1989 License Agreement by failing to: (1) pay royalties; (2) provide accounting statements; and (3) acknowledge the (unnamed) licensor's ownership of the subject sound recordings. FAC ¶ 45. The exclusive rights afforded sound recordings under federal copyright law, however, are limited to reproducing, distributing, digitally performing, and preparing derivative works of the sound recording. 17 U.S.C. § 114(a). By contrast, each purported obligation that the Amended Complaint points to arises solely from the contractual arrangement between the parties to the 1989 License Agreement, and not from the Copyright Act. *See, e.g.*, *Hayes v. Carlin Am., Inc.*, 168 F. Supp. 2d 154, 158 (S.D.N.Y. 2001) ("[R]oyalty rights

are contract rights (rather than exclusive rights under federal copyright law)[.]"). Notably, even if the obligations that 43 North allegedly breached were rights arising from copyright ownership, JHP's breach of contract claim would still fail because, as discussed *infra* Section II(B)(2), it would be preempted by Plaintiff's copyright infringement claim and the Copyright Act. *See Shake Shack*, 708 F. Supp. 3d at 526 (breach of contract counterclaim, even if sufficiently pleaded, was preempted by the Copyright Act because it "attempt[ed] to regulate . . . works of authorship within the general subject matter of copyright . . . .").

In sum, Plaintiff conflates ownership of the Vogues Masters copyrights with the assumption of the licensor's contractual rights under the 1989 License Agreement. But the former does not establish the latter. Because Plaintiff is not a party to the 1989 License Agreement and has not alleged a valid assignment of the contractual rights it seeks to enforce, it lacks standing to maintain its claim for breach of contract. As such, Plaintiff's breach of contract claim warrants dismissal pursuant to Fed.R.Civ.P. 12(b)(6). *See Shake Shack*, 708 F. Supp. 3d at 526 (breach of contract counterclaim concerning copyrights failed "[b]ecause [claimant] ha[d] not sufficiently pleaded the existence of a binding contract with [the plaintiff]").

**2. The Amended Complaint Fails to Allege that 43 North is Bound by the 1989 License Agreement.**

Even assuming, for argument's sake, that Plaintiff has adequately alleged standing to enforce the 1989 License Agreement, the breach of contract claim nonetheless fails because the Amended Complaint does not allege that 43 North is bound by that agreement. This pleading deficiency is dispositive because "[a] non-signatory to a contract cannot be named as a defendant in a breach of contract action unless it has thereafter assumed or been assigned the contract." *Mercator Corp. v. Windhorst*, 159 F. Supp. 3d 463, 469 (S.D.N.Y. 2016) (quoting *TransformaCon, Inc. v. Vista Equity Partners, Inc.*, No. 15cv3371, 2015 WL 4461769, at *3 (S.D.N.Y. July 21,

2015)); *see also Crabtree v. Tristar Automotive Grp., Inc.*, 776 F.Supp. 155, 166 (S.D.N.Y.1991) ("It is hornbook law that a non-signatory to a contract cannot be named as a defendant in a breach of contract action unless it has thereafter assumed or been assigned the contract.").

43 North is not a signatory to the 1989 License Agreement, and Plaintiff fails to allege any facts showing that 43 North has assumed the licensee's contractual obligations. Instead, Plaintiff pleads only that, "[t]o the extent 43 North can demonstrate that it has assumed the role of the lessee [licensee,]" 43 North has failed to satisfy its contractual obligations. FAC ¶ 46. The Amended Complaint contains no factual allegations that 43 North executed, assumed, or acquired the 1989 License Agreement. Nor has 43 North, as Plaintiff's narrative perpetuates, asserted that it assumed the rights and obligations arising thereunder.

The fact that 43 North's rights may ultimately trace back to the 1989 License Agreement does not suggest, much less plausibly establish, that 43 North assumed all of the contractual obligations undertaken by the licensee pursuant to that agreement. The fact that 43 North may be a downstream recipient of rights from this agreement does not, as Plaintiff suggests, demonstrate that 43 North "has assumed the role of the lessee [licensee] under the 1989 License Agreement[.]" FAC ¶ 46.

Nevertheless, while those downstream agreements underscore the deficiency of Plaintiff's breach of contract theory, the Court need not consider them to conclude that Plaintiff has failed to plausibly allege that 43 North is a party to, or is otherwise bound by, the 1989 License Agreement. 43 North is not a party to the 1989 License Agreement. Furthermore, Plaintiff fails to allege any facts showing that 43 North assumed, or was assigned, that agreement. It is axiomatic that a party cannot breach an agreement to which it is not bound.

Plaintiff has already amended its initial Complaint once, and chose not to amend when Defendant raised this issue in its pre-motion conference letters. Any further amendment would be futile, and Plaintiff's breach of contract claim therefore warrants dismissal with prejudice. *Arag-A Ltd. v. Republic of Argentina*, 178 F. Supp. 3d 192, 203 (S.D.N.Y. 2016) (dismissing breach of contract claim with prejudice where "further leave to amend would provide no cure for the legal deficiencies of the [complaints]"), *aff'd sub nom. Attestor Value Master Fund v. Republic of Argentina*, 940 F.3d 825 (2d Cir. 2019).

**B. The Declaratory Judgment Claim Should Be Dismissed Because It Is Both Duplicative of the Copyright Infringement Claim and Preempted.**

**1. Count I for Declaratory Judgment is Duplicative of Plaintiff's Copyright Infringement Claim.**

Count I, which seeks a judicial declaration that Plaintiff is the lawful owner of the copyrights in the Vogues Masters, is duplicative of Plaintiff's copyright infringement claim [Count II], and should therefore also be dismissed. In deciding whether or not to exercise jurisdiction over a declaratory judgment action, the Second Circuit articulated a two-part test that asks: "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003). "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits[.]" *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Courts regularly dismiss declaratory judgment claims where resolution of a copyright infringement claim would necessarily resolve the issues for which declaratory relief is sought. *TufAmerica, Inc. v. Universal Music Publ'g, Inc.*, No. 24 CIV. 2585, 2025 WL 2700249, at *2 (S.D.N.Y. Sept. 23, 2025) (dismissing declaratory judgment count seeking relief connected with plaintiff's copyright infringement claim); *cf. Maverick Recording*

*Co. v. Chowdhury*, No. CIVA CV07-640, 2008 WL 3884350, at *1 (E.D.N.Y. Aug. 19, 2008) (counterclaim seeking judicial declaration of non-infringement was "duplicative and entirely redundant" since "the central issue . . . [wa]s whether the defendants committed copyright infringement[.]").

Here, Plaintiff seeks a judicial declaration that it is "the lawful owner of the copyrights in and to the Vogues Masters." FAC ¶ 35. The copyright infringement claim similarly alleges that 43 North infringed Plaintiff's copyright rights in "the Vogues Masters for which," Plaintiff contends, it "is the legal and/or beneficial copyright owner." *Id.* ¶¶ 37-39. In fact, "ownership of a valid copyright" is one of the two elements of a copyright infringement claim (the other being "copying of constituent elements of the [original] work"). *Fonar Corp. v. Domenick*, 105 F.3d 99, 103 (2d Cir. 1997). Thus, resolution of Plaintiff's copyright infringement claim inherently encompasses the adjudication of Plaintiff's ownership of the Vogues Masters, which in turn necessarily resolves Plaintiff's claim for a judicial declaration. As such, Plaintiff's declaratory judgment cause of action serves no useful purpose in clarifying or settling the legal issues at hand.

Furthermore, while both claims require the Court to determine whether Plaintiff owns the copyrights in the Vogues Masters, a determination of Plaintiff's declaratory judgment claim would not finalize the controversy because there would remain the issue of whether 43 North infringed Plaintiff's alleged copyright rights. *Cf. Broecker v. Widows Sons Grand Chapter the King's Guard Inc.*, No. 21-CV-6309, 2021 WL 5309716, at *5 (W.D.N.Y. Nov. 15, 2021) ("a declaratory judgment that Plaintiff was owner of [a trademark] would not finally resolve the issues raised in this case, most particularly as to whether Defendants have infringed on Plaintiffs' trademark. To finally resolve the issues between the parties over the [trademark], the more effective remedy is the Court's further consideration of Plaintiffs' [] infringement . . . .").

Because a decision on Plaintiff's declaratory judgment claim would neither serve a useful purpose in clarifying or settling the legal issues involved nor finalize the controversy and offer relief from uncertainty, the claim should be dismissed as duplicative of Plaintiff's copyright infringement claim. *See Dow Jones*, 346 F.3d at 359; *Wilton*, 515 U.S. at 288.

**2. Count I for Declaratory Judgment is Preempted by the Copyright Act.**

The Copyright Act's preemption analysis likewise confirms that Plaintiff's declaratory judgment claim should be dismissed. "The Copyright Act exclusively governs a claim when: (1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004) (citing 17 U.S.C. § 301(a)). "The first prong of this test is called the 'subject matter requirement,' and the second prong is called the 'general scope requirement.'" *Id.* (citing *Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 848 (2d Cir.1997)). "The subject matter requirement is satisfied if the claim applies to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works." *Briarpatch*, 373 F.3d at 305. "The general scope requirement is satisfied only when the state-created right may be abridged by an act that would, by itself, infringe one of the exclusive rights provided by federal copyright law. . . . Further, the state law claim must not include any extra elements that make it qualitatively different from a copyright infringement claim." *Id.*

In the context of declaratory judgments, "a claim for declaratory judgment regarding exclusive rights within the scope of copyright is equivalent to a copyright claim, and thus is preempted." *We Shall Overcome Found. v. Richmond Org., Inc. (TRO Inc.)*, 221 F. Supp. 3d 396,

411 (S.D.N.Y. 2016). Just as courts dismiss duplicative declaratory judgment claims, so too are declaratory judgment claims dismissed where preempted by the Copyright Act. *Briarpatch*, 373 F.3d at 307 (declaratory judgment claim preempted where the declaration sought concerned "adaptation rights" protected under the Copyright Act); *Rosset Fam. Legacy Holdings, LLC v. Oakes*, No. 25-cv-9398, 2026 WL 2859814, at *4-5 (S.D.N.Y. Sep. 23, 2026) (declaratory judgment claim concerning copyright ownership "completely preempted" because the requested declaration "implicate[d] rights equivalent to those secured by § 106 of the Copyright Act").

Here, as to the subject-matter element, the Vogues Masters are sound recordings protected under 17 U.S.C. § 102(a). The general scope element is similarly satisfied because Plaintiff's request for a declaratory judgment that "it, and not 43 North, is the lawful owner of the copyrights in and to the Vogues Masters" seeks to vindicate rights equivalent to the exclusive rights protected by the Copyright Act. Indeed, Plaintiff's request for declaratory relief includes only a generic reference to "copyrights in and to the Vogues Masters[.]" FAC ¶ 35. As such, there is nothing that such declaratory relief covers that the Copyright Act does not.

Accordingly, Plaintiff's declaratory judgment claim is completely preempted by the Copyright Act, and because amendment would be futile, this claim should be dismissed with prejudice. *See Arag-A Ltd.*, 178 F. Supp. 3d 192, 203-04; *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (dismissal with prejudice in the absence of opportunity to amend is proper if amendment would be futile).

## IV. CONCLUSION

For the foregoing reasons, 43 North's motion to dismiss Plaintiff Jeff Hubbard Productions, Inc.'s claims for declaratory judgment [Count I] and breach of contract [Count III] should be granted, with prejudice, together with such other and further relief as this Court deems just and proper.

Dated: October 5, 2026
New York, New York

Respectfully submitted,

COZEN O'CONNOR

By: */s/ Lisa A. Ferrari*

Lisa A. Ferrari (LF8081)
Fred Chu (6189435)
3 World Trade Center,
175 Greenwich Street, 55th Floor
New York, New York 10007
Tel:. 212-297-2699
Fax: 646-588-1459
Email: lferrari@cozen.com
fchu@cozen.com

*Attorneys for Defendant*
*43 North Broadway, LLC*

## CERTIFICATE OF COMPLIANCE WITH LR 7.1(C)

I certify that this brief complies with the word-count limitation of Local Civil Rule 7.1(C) and that it contains 4,073 words, exclusive of the caption, tables, and signature block.

*/s/ Lisa A. Ferrari*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS** has been served upon all counsel of record via email on October 5, 2026:

Leo M. Lichtman, Esq. (llichtman@cdas.com)
Isabella Hyun, Esq. (ihyun@cdas.com)
Cowan DeBaets Abrahams & Sheppard LLP
60 Broad Street, 30th Floor
New York, New York 10004

*Attorneys for Plaintiff Jeff Hubbard Productions, Inc.*

*/s/ Frederick Chu*