# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFF HUBBARD PRODUCTIONS, INC.,<br>Plaintiff,<br>-v-<br>43 NORTH BROADWAY LLC,<br>Defendant. | Case No. 25-cv-09821-PMH |

**DEFENDANT 43 NORTH BROADWAY LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant 43 North Broadway LLC ("43 North" or "Defendant"), by and through undersigned counsel, provides the following responses and objections (the "Responses") to plaintiff Jeff Hubbard Productions, Inc.'s ("JHP" or "Plaintiff") First Set of Interrogatories, dated May 14, 2026 (the "Interrogatories").

## GENERAL RESPONSES AND OBJECTIONS

Each of the following objections ("General Objections") is expressly incorporated into 43 North's Responses to each Interrogatory, and no specific Response or objection shall constitute a waiver, in whole or in part, of any General Objection:

1. Defendant objects to the Interrogatories as they are not limited in temporal scope and are therefore overly broad, unduly burdensome, and seek information that is not proportional to the needs of the case.

2. Defendant objects to paragraph 1 of the Interrogatories' instructions, which explicitly seeks knowledge of Defendant's attorneys, to the extent the interrogatories seek information that is protected from discovery by applicable privilege or immunity, including, but

not limited to, the attorney-client privilege and the attorney work-product doctrine. The inadvertent disclosure of any such information shall not constitute a waiver of any such privilege with respect to such information, the subject matter thereof, or of Defendant's right to object to the retention and/or use thereof in this action or for any other purpose.

3. Defendant objects to the Interrogatories to the extent they seek nonpublic, internal proprietary business information, and/or other commercially or personally sensitive information.

4. Any response indicating that Defendant will revisit or supplement its Responses shall not be construed as an admission that any such information actually exists or that Defendant acknowledges that the Interrogatory is appropriate as part of discovery in this action, but rather that Defendant will reasonably attempt to determine whether such information exists.

5. Pursuant to Fed. R. Civ. P. 26(e), 43 North expressly reserves the right to amend, supplement, or modify these responses as discovery proceeds.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:**

Identify each Person (whether or not associated with You) who has, claims to have, or whom You believe may have knowledge, information, and/or access to Documents or Communications concerning, regarding, referring to, or relating to (i) 43 North's alleged ownership rights, titles, and interest of the Vogues Masters; (ii) 43 North's exploitation of the Vogues Masters, including with respect to the reproduction, distribution, streaming, licensing, and performances of the Vogues Masters, and royalties accrued therewith; (iii) 43 North's alleged contractual and/or business relations which it contends JHP interfered with; and (iv) damages 43 North claims to have suffered as a result of such alleged interference.

**Response to Interrogatory No. 1:**

Subject to and without waiver of the General Objections, Defendant states that the Persons who may have knowledge, information, and/or access to Documents or Communications concerning the subcategories in this Interrogatory are Curt Frasca, Defendant's principal, who may be contacted through counsel of record; SoundExchange, headquartered at 733 10th Street NW,

10th Floor, Washington, DC 20001; Plaintiff Jeff Hubbard Productions, Inc.; Jeff Hubbard, alleged to be the sole member of Plaintiff; and Cassandra Pais, alleged to have transferred all rights, title, and interest in The Vogues Masters to JHP.

**<u>INTERROGATORY NO. 2</u>:**

Identify all Documents and Communications, and custodians thereof, that are relevant to the claims and defenses in this action, including those related to (i) the ownership rights, titles, and interest of the Vogues Masters; (ii) 43 North's exploitation of the Vogues Masters, including with respect to the reproduction, distribution, streaming, licensing, and performances of the Vogues Masters, and royalties accrued therewith; (iii) 43 North's alleged contractual and/or business relations which it contends JHP interfered with; and (iv) damages 43 North claims to have suffered as a result of such alleged interference.

**<u>Response to Interrogatory No. 2</u>:**

43 North objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, seeks information protected by the attorney-client privilege and/or the attorney work product doctrine, and is not proportional to the needs of the case as it is not limited in temporal scope, and therefore improperly seeks information beyond any reasonable and relevant time period.

43 North also objects on the grounds that this Interrogatory improperly seeks to use an Interrogatory to require 43 North to identify and catalogue its entire universe of documents and communications, which is more appropriately the subject of requests for production under Rule 34 or other discovery, and which is duplicative of Plaintiff's First Set of Requests for the Production of Documents, dated May 14, 2026. Further, 43 North objects to the extent this Interrogatory seeks the identification of documents and communications concerning damages. Such a request is premature in view of the deadlines set forth in the Federal Rules of Civil Procedure and the Case Management Order applicable to this action.

Subject to and without waiver of the foregoing objections, Defendant states that the documents concerning the ownership rights, titles, and interest of the Vogues Masters and exploitation thereof include:

- the October 13, 2015 Asset Purchase Agreement with Fuel 2000 Records;
- the March 31, 2002 Licensee Agreement between Prime Entertainment Group and Fuel 2000 Records;
- the February 1, 2000 Master Purchase Agreement between Marketteers, Ltd. And Prime Entertainment Group;
- the June 5, 1990 Master Purchase Agreement from Red Dog Express Inc. to Marketteers, Ltd.; and
- the June 29, 1989 Master Purchase Agreement from Co & Ce to Red Dog Express, Inc.

The document(s) concerning the contractual and/or business relations that JHP interfered with include an agreement between SoundExchange and 43 North dated August 5, 2021.

Pursuant to Fed.R.Civ.P. 33(d), 43 North will identify or produce responsive, non-privileged documents within its possession, custody, or control from which further answer to this Interrogatory may be derived, to the extent such documents exist and have not already been produced.

**INTERROGATORY NO. 3:**

Identify any harm and/or damages You claim to have suffered by reason of JHP's alleged actions as set forth in the Counterclaims, and Your computation thereof.

**Response to Interrogatory No. 3:**

43 North objects to this Interrogatory on the grounds that it is premature, to the extent it seeks identification and computation of damages. Discovery remains ongoing. Subject to and without waiving the foregoing objections, 43 North states that it claims damages including, but

not limited to, lost revenues as a result of royalty payments that the SoundExchange has frozen pending the resolution of this dispute, which has caused 43 North time, revenue, and reputational injury, and attorney fees and costs, to the extent available under applicable law.

Pursuant to Fed.R.Civ.P. 33(d), 43 North will identify or produce responsive, non-privileged documents within its possession, custody, or control from which further answer to this Interrogatory may be derived, to the extent such documents exist and have not already been produced. 43 North's analysis of its damages is ongoing. 43 North reserves the right to identify additional harm and/or damages as discovery proceeds and in line with the deadlines set forth for experts in the Federal Rules of Civil Procedure and the Case Management Order applicable to this action, and to supplement this response accordingly.

**INTERROGATORY NO. 4:**

Identify each Person who had more than a clerical role in answering and/or searching for Documents in connection with answering these Interrogatories (designating the number of each Interrogatory for which such Person provided information) and/or answering and/or searching for Documents in connection with responding to JHP's First Set of Requests for the Production of Documents, dated May 14, 2026.

**Response to Interrogatory No. 4:**

43 North objects to this Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing objections, 43 North states that the Persons who had more than a clerical role in the identified tasks are Curt Frasca, identified in response to Interrogatory No. 1, and undersigned counsel, whose specific activities are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

Date: June 12, 2026
New York, New York

Signed as to Objections:

COZEN O'CONNOR

By: */s/ Lisa A. Ferrari*

Lisa A. Ferrari (LF8081)
Fred Chu (6189435)
3 World Trade Center,
175 Greenwich Street, 55th Floor
New York, New York 10007
Tel:. 212-297-2699
Fax: 646-588-1459
Email: lferrari@cozen.com
Email: FChu@cozen.com

**VERIFICATION**

I, Curt Frasca, sole member of Defendant 43 North Broadway, LLC, state that the facts and information contained within the foregoing Defendant 43 North Broadway LLC's Responses and Objections to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 12, 2026

Curt Frasca

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEFENDANT 43 NORTH BROADWAY LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** and **VERIFICATION** have been served on counsel of record, via email, on June 12, 2026, at:

Leo M. Lichtman, Esq. (llichtman@cdas.com)
Cowan DeBaets Abrahams & Sheppard LLP
60 Broad Street, 30th Floor
New York, New York 10004

*Attorney for Plaintiff Jeff Hubbard Productions, Inc.*

*/s/ Frederick Chu*



LEGAL\116033779\2