Lisa A. Ferrari (LF8081)
Frederick Chu (6189435)
COZEN O'CONNOR
3 WTC, 175 Greenwich Street, 55th floor
New York, New York 10007
Telephone: 212-297-2699
Email: Lferrari@cozen.com
Fchu@cozen.com

*Attorneys for Defendant 43 North Broadway, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFF HUBBARD PRODUCTIONS, INC.,<br><br>Plaintiff,<br><br>-v-<br><br>43 NORTH BROADWAY LLC,<br><br>Defendant. | Case No. 25-cv-09821-PMH |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S PARTIAL MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

I. ARGUMENT .......... 2

A. The Court Should Disregard Plaintiff's Extrinsic Evidence .......... 2

B. Count III Fails Because Plaintiff Does Not Plead a Contract Between Itself and 43 North .......... 3

1. The FAC Does Not Allege That 43 North Is a Party to, or was Assigned, the 1989 License Agreement .......... 3

2. The FAC Does Not Allege That Plaintiff is a Party to, or Succeeded to the Licensor's Role in, the 1989 License Agreement .......... 5

C. Count I for Declaratory Judgment Should be Dismissed Because It Is Both Duplicative of the Copyright Infringement Claim and Preempted by the Copyright Act .......... 7

1. The Court Can and Should Reach Preemption .......... 7

2. Count I for Declaratory Judgment is Duplicative of Plaintiff's Copyright Infringement Claim .......... 8

II. CONCLUSION .......... 9

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*ABKCO Music, Inc. v. Harrisongs Music, Ltd.*,944 F.2d 971 (2d Cir. 1991) ............ 6

*Alvarracin v. Volume Servs., Inc.*,
No. 17-CV-3873, 2018 WL 2452766 (S.D.N.Y. May 30, 2018) ............ 2

*Arag-A Ltd. v. Republic of Argentina*,
178 F. Supp. 3d 192 (S.D.N.Y. 2016) ............ 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............ 5

*Chambers v. Time Warner, Inc.*,
282 F.3d 147 (2d Cir. 2002) ............ 2

*Crabtree v. Tristar Auto. Grp., Inc.*,
776 F. Supp. 155 (S.D.N.Y. 1991) ............ 4

*Dow Jones & Co. v. Harrods Ltd.*,
346 F.3d 357 (2d Cir. 2003) ............ 8

*Fonar Corp. v. Domenick*,
105 F.3d 99 (2d Cir. 1997) ............ 8

*Hayes v. Carlin Am., Inc.*,
168 F. Supp. 2d 154 (S.D.N.Y. 2001) ............ 6

*Mercator Corp. v. Windhorst*,
159 F. Supp. 3d 463 (S.D.N.Y. 2016) ............ 4

*Mills Music, Inc. v. Snyder*,
469 U.S. 153 (1985) ............ 6

*Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*,
943 F.3d 613 (2d Cir. 2019) ............ 8

*Rynasko v. N.Y. Univ.*,
63 F.4th 186 (2d Cir. 2023) ............ 6

*Shake Shack Enters., LLC v. Brand Design Co.*,
708 F. Supp. 3d 515 (S.D.N.Y. 2023) ............ 3

*Sugrue v. Ins. Co. of Pa.*,
180 B.R. 53 (S.D.N.Y. 1995) .......... 5

*Wilton v. Seven Falls Co.*,
515 U.S. 277 (1995) .......... 8

**Statutes**

28 U.S.C. § 2201(a) .......... 9

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .......... 1

Defendant 43 North Broadway, LLC ("43 North" or "Defendant"), by its attorneys, submits this Memorandum of Law in reply to the Opposition of plaintiff Jeff Hubbard Productions ("JHP" or "Plaintiff") (the "Opposition" or "Opp."), and in further support of 43 North's motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss with prejudice Counts I and III of Plaintiff's First Amended Complaint (the "FAC") for failure to state a claim.

Rather than show that its pleading states a claim, Plaintiff spends most of its Opposition on materials outside the pleading—deposition excerpts, the 2015 Fuel 2000 Asset Purchase Agreement, interrogatory responses, and conveniently cherry-picked chain-of-title documents attached to a Declaration from counsel. None of this has anything to do with how a motion to dismiss works. The question is whether the FAC, on its face, states a claim. It does not.

Plaintiff devotes its opening paragraph to a list of six other lawsuits involving 43 North. *See* Pl.'s Opp. at 1. Not only do those cases have *nothing* to do with whether Plaintiff has adequately pleaded a breach of contract claim, but given that 43 North acquires and administers rights in hundreds of thousands of intellectual property assets, a handful of disputes is hardly the indictment Plaintiff suggests. Similarly, Plaintiff's complaints that 43 North failed to engage with it prior to the filing of the lawsuit (Pl.'s Opp. at 5) are inaccurate and irrelevant. Pl.'s Opp. at 5. This Court should give Plaintiff's rhetoric zero weight.

Stripped of the noise, Plaintiff's breach of contract claim [Count III] rests on two incorrect legal assumptions: (1) that by virtue of owning the copyrights in The Vogues Masters, Plaintiff automatically steps into the shoes of the licensor under a 1989 License Agreement it never signed; and (2) that 43 North automatically steps into the shoes of a licensee it never was, or purported to be. But the law does not work that way, and the FAC alleges no facts that would make it so. Plaintiff's declaratory judgment claim [Count I] fares no better: it asks the Court to decide

copyright ownership, a question Plaintiff's copyright infringement claim [Count II] will already answer. As such, and for the reasons detailed below and in 43 North's Memorandum of Law in Support of its Motion to Dismiss (the "Motion"), both Plaintiff's declaratory judgment [Count I] and breach of contract [Count III] claims should be dismissed with prejudice.

# I. ARGUMENT

## A. The Court Should Disregard Plaintiff's Extrinsic Evidence.

"In deciding a Rule 12(b)(6) motion, a court's review is limited to the complaint and any documents that are attached or integral to its allegations." *Alvarracin v. Volume Servs., Inc.*, No. 17-CV-3873, 2018 WL 2452766, at *1 (S.D.N.Y. May 30, 2018). A document is "integral" when the complaint "relies heavily on its terms and effect." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Plaintiff nonetheless submits a counsel declaration attaching, among other things, an Asset Purchase Agreement between 43 North and a third party, a SoundExchange agreement, interrogatory responses, deposition excerpts, a 2009 letter from Nick Cenci, and correspondence enclosing a purported 2020 agreement between Plaintiff and Cassandra Pais. *None* of these are quoted or relied on in the FAC, and the Court should exclude them from consideration.

Plaintiff also suggests that 43 North violated some non-existent rule by moving to dismiss when discovery was already underway. *See* Pl.'s Opp. at 2-3. But Plaintiff's breach of contract claim [Count III] did not exist until Plaintiff chose to add it in August 2026, late in discovery. Moreover, when the Court permitted Plaintiff's amendment, it expressly noted that 43 North was "entitled, if [Plaintiff] amend[s], to move to dismiss these new claims," and later reiterated that "if [43 North] want[s] to move to dismiss, of course, [43 North] ha[s] that right, [43 North is] entitled to that." Declaration of Leo Lichtman in Support of Plaintiff's Opposition (hereinafter, Lichtman Decl.) Ex. F (Aug. 17, 2026 Hearing Tr.) at 9:6-8, 27:15-16. 43 North filed its motion on the

schedule the Court set, *see* Sep. 4, 2026 Order [Dkt. No. 39], and is entirely within its rights to bring this motion at this time.

The Court should reject Plaintiff's thinly-veiled effort to convert this motion into one for summary judgment, especially where the Court *explicitly* authorized 43 North to file its motion to dismiss. That Plaintiff prefers to blame 43 North for the consequences of its own pleading choices is a familiar theme and provides no basis for the Court to deny 43 North's motion.

### B. Count III Fails Because Plaintiff Does Not Plead a Contract Between Itself and 43 North.

A breach of contract claim requires, at minimum, a contract between the plaintiff and the defendant, or facts showing that each has taken over a contracting party's position. *Shake Shack Enters., LLC v. Brand Design Co.*, 708 F. Supp. 3d 515, 523 (S.D.N.Y. 2023). The FAC pleads neither side of that equation.

#### 1. The FAC Does Not Allege That 43 North Is a Party to, or was Assigned, the 1989 License Agreement.

Plaintiff insists that its breach of contract claim turns on "factual arguments that are inappropriate" for a motion to dismiss. Pl.'s Opp. at 9. It does not. This Motion is not about competing evidence or the merits of 43 North's chain of agreements. It is about what Plaintiff pleaded—and Plaintiff did not plead that 43 North signed, assumed, or was assigned the 1989 License Agreement.[1]

Instead, the FAC merely alleges that "*[t]o the extent* 43 North can demonstrate that it has assumed the role of the lessee under the 1989 License Agreement," 43 North failed to satisfy certain obligations purportedly arising thereunder. FAC ¶ 46 [Dkt. No. 33] (emphasis added). But in an effort to salvage its claim, Plaintiff's Opposition now asserts as fact that indeed, 43 North's

[1] To be sure, 43 North is *not* "well aware that significant evidence has already been produced and fills in any perceived gaps in JHP's allegations" (Pl.'s Opp. at 3); that is not accurate. The issue, however, is whether JHP has adequately stated a claim for relief, and it has not.

"own" position is that it "assumed the 1989 License Agreement." Pl.'s Opp. at 2. This is simply not true, but more importantly for purposes of this motion, Plaintiff failed to adequately allege this in its pleadings.

Moreover, Plaintiff cites paragraph 8 of 43 North's counterclaims [Dkt. No. 11] to support its argument that 43 North's itself concedes that it assumed the 1989 License Agreement, but that paragraph actually proves otherwise. Paragraph 8 of 43 North's counterclaims (filed before Plaintiff's FAC), alleges that: "On October 13, 2015, 43 North entered into an Asset Purchase Agreement ("APA") with Fuel 2000 Records, Inc. ("Fuel"), whereby 43 North acquired all of Fuel's rights, title, and interest in certain sound recordings, including The Vogues Masters." [Dkt. No. 11]. In other words, 43 North's counterclaims allege that 43 North acquired *Fuel's* rights, title, and interest under a 2015 Asset Purchase Agreement. Fuel was not a party to the 1989 License Agreement; the 1989 agreement was between Nick Cenci and Red Dog Express, Inc. *See* FAC ¶¶ 26–27; Lichtman Decl. Ex. A. 43 North assumed the *Fuel* Asset Purchase Agreement, not the 1989 License Agreement, and it has never claimed otherwise.[2] Thus, even Plaintiff's exhibits, which Plaintiff improperly included at this stage, reveal that its breach of contract claim is meritless.

The law on this point is settled: "[a] non-signatory to a contract cannot be named as a defendant in a breach of contract action unless it has thereafter assumed or been assigned the contract." *Mercator Corp. v. Windhorst*, 159 F. Supp. 3d 463, 469 (S.D.N.Y. 2016) (citation omitted); *Crabtree v. Tristar Auto. Grp., Inc.*, 776 F. Supp. 155, 166 (S.D.N.Y. 1991). Plaintiff

[2] Plaintiff's selective exhibits also skew the picture. Other documents produced by 43 North show that 43 North owes royalty obligations under its own agreements to a different, intermediate party. Plaintiff omits those agreements to suggest that 43 North claims the benefits of the 1989 License Agreement while avoiding its burdens, and lamely asserts the testimony of 43 North's non-lawyer principal in support of its legal argument. That is not so, and nothing in the law makes a downstream licensee liable for royalties to every single upstream party in a chain of rights.

tries to distinguish these cases on their facts, *see* Pl.'s Opp. at 13, but it never disputes the rule they state. And Plaintiff cannot satisfy the requirement of that rule, because the FAC never alleges an assumption or assignment. Instead, the FAC merely pleads a hypothetical: "[t]o the extent 43 North can demonstrate that it has assumed the role of the lessee under the 1989 License Agreement," 43 North has breached it. FAC ¶¶ 44, 46. That is not a factual allegation. It is a conditional placeholder that invites 43 North to prove Plaintiff's case for it. But 43 North is not attempting to demonstrate that it assumed the 1989 License Agreement, so the condition Plaintiff built into its own claim is never triggered.

Plaintiff's Opposition also raises a nonsensical estoppel fallback argument: that 43 North cannot "seek[] the benefits of a contract [the 1989 License Agreement]" while disclaiming its burdens. Pl.'s Opp. at 12 (citing *Sugrue v. Ins. Co. of Pa.*, 180 B.R. 53, 56 (S.D.N.Y. 1995)). But this theory, raised for the first time in Plaintiff's Opposition, does not make sense. 43 North is not suing to enforce the 1989 License Agreement; its counterclaims concern its relationship with SoundExchange, not any promise by Nick Cenci or Red Dog Express, Inc. Def.'s Countcls. [Dkt. No. 11 ¶¶ 19-28]. Additionally, Plaintiff's own Opposition exhibit undercuts it: the Fuel APA provides that 43 North assumed the obligations "of the Seller"—that is, Fuel 2000 Records, Inc. Lichtman Decl. Ex. B § 1.03. Whatever royalty obligations Fuel had ran to the party Fuel dealt with, not to a licensor multiple transactions upstream.

**2. The FAC Does Not Allege That Plaintiff is a Party to, or Succeeded to the Licensor's Role in, the 1989 License Agreement.**

As explained in 43 North's Motion, Plaintiff's breach of contract claim fails for an additional, independent reason: Plaintiff pleads no basis to enforce the 1989 License Agreement itself. The only allegation Plaintiff asserts is that, "as the current copyright owner of the Vogues Masters, [it] is the successor to all rights of the licensor." FAC ¶ 44. That is legal conclusion,

not a fact, and the Court need not accept it. *Iqbal*, 556 U.S. at 678. It is also an incorrect legal conclusion. *Rynasko v. N.Y. Univ.*, 63 F.4th 186, 194 (2d Cir. 2023) (A non-party to a contract "lacks standing to sue for breach absent a valid assignment of the claim."). The Court itself identified this problem when it allowed the amendment: "Just because you're the copyright owner, you assume your position of licensor?" Pl.'s Opp. Ex. F at 14:13–14. Plaintiff's counsel answered only, "I would think so." *Id.* at 14:15. The FAC adds nothing beyond that guess.

Tellingly, Plaintiff does not dispute the cases 43 North cites in its Motion on its merits.[3] Its only response is that those cases were not pleading decisions. Pl.'s Opp. at 13. But those decisions matter precisely because they reached the merits: they show that even if every *fact* Plaintiff alleges is true, its claim still fails as a matter of law. When the law forecloses a claim on the pleaded facts, there is nothing for discovery to fix.

*Mills Music, Inc. v. Snyder,* 469 U.S. 153, is especially instructive. There, a songwriter assigned the copyright in a sound recording to a music publisher, which in turn licensed record companies to make recordings in exchange for royalties. *Mills Music, Inc.*, 469 U.S. at 155. Years later, the songwriter's heirs acquired the copyrights and sought the royalties the record companies were obligated to pay the music publisher. *Id.* at 162. The Supreme Court explained, however, that even after the heirs became the copyright owners, the record companies had "no direct contractual obligation to the new owner of the copyright"; their royalty obligations remained governed by the license contracts they had actually signed. *Id.* at 167-68. In other words, becoming the owner of a copyright did not automatically make the heirs a party to existing licenses.

---

[3] That is, *Mills Music, Inc. v. Snyder*, 469 U.S. 153, 167-68 (1985); *Hayes v. Carlin Am., Inc.*, 168 F. Supp. 2d 154, 158 (S.D.N.Y. 2001); and *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir. 1991).

Thus, Plaintiff's assertion that it is the licensor by virtue of being the copyright owner is precisely the legal conclusion that *Mills Music* rejects.

Recognizing this gap, Plaintiff now argues that "as discovery has already confirmed, Nick Cenci [the alleged original copyright owner of The Vogues Masters] explicitly assigned his rights in the Vogues Masters, including 'any Royalties and ***future*** contracts' to Cassandra Pais," who then assigned them to Plaintiff. Pl.'s Opp. at 13–14 (emphasis added). None of this is in the FAC. But even if the Court were to consider Plaintiff's exhibits, they prove 43 North's point. The supposed "explicit[] assign[ment]" is a **February 2, 2009** letter addressed to a royalty department that references "*future* contracts". Lichtman Decl. Ex. G. A contract signed in 1989 is not a "future contract" in 2009. A 2009 letter explicitly assigning ***future*** contracts cannot transfer a contract signed twenty years earlier.

Because Plaintiff has not alleged facts showing that either it or 43 North stands in the shoes of a party to the 1989 License Agreement, Count III for breach of contract should be dismissed. Plaintiff has already amended, was on notice of these deficiencies from 43 North's pre-motion letters, and identifies no additional facts it could plead. Dismissal should be with prejudice. *Arag-A Ltd. v. Republic of Argentina*, 178 F. Supp. 3d 192, 203 (S.D.N.Y. 2016).

### C. Count I for Declaratory Judgment Should be Dismissed Because It Is Both Duplicative of the Copyright Infringement Claim and Preempted by the Copyright Act.

#### 1. The Court Can and Should Reach Preemption

Plaintiff argues that preemption is "not even properly before the Court" because it was not raised in 43 North's pre-motion letter. Pl.'s Opp. at 14. First, Plaintiff has clearly not suffered prejudice, as it has been able to respond to the argument at length. *Id.* at 14-16. And Plaintiff's Opposition illustrates why preemption is nevertheless properly before the Court. Plaintiff concedes that "[i]t is well established that a declaratory judgment claim merely provides federal

courts with jurisdiction . . . .” *Id.* at 15. To the extent a declaratory judgment claim confers subject matter jurisdiction, it cannot be waived. *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (“Because it involves a court's power to hear a case, subject-matter jurisdiction cannot be forfeited, waived, or conferred by consent of the parties.”) (internal citations omitted). The Court should therefore consider preemption (*see* Pl.’s Opp. at 14-16), and upon consideration, dismiss Count I of the Complaint with prejudice.

**2. Count I for Declaratory Judgment is Duplicative of Plaintiff's Copyright Infringement Claim.**

Even if the Court declines to reach preemption, Count I should be dismissed as duplicative—an argument 43 North indisputably raised in its pre-motion letter.

To win a copyright infringement claim, a plaintiff must prove that it owns a valid copyright. *Fonar Corp. v. Domenick*, 105 F.3d 99, 103 (2d Cir. 1997). Plaintiff's Opposition admits this. Pl.’s Opp. at 16. Plaintiff's copyright infringement claim [Count II] will therefore decide the very ownership question its declaratory judgment claim [Count I] asks the Court to declare. A declaratory judgment that duplicates a pending claim “serve[s] no useful purpose.” *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995); *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003). Plaintiff's two arguments to avoid this result fail.

First, Plaintiff argues that its copyright infringement claim concerns six recordings while its declaratory judgment claim covers all 48 that it listed in an exhibit to the FAC. FAC, Ex. A [Dkt. No. 33-1]; Pl.’s Opp. at 16–17. But the FAC alleges that 43 North exploited or claimed royalties for only those six recordings. FAC ¶ 18. Plaintiff alleges no facts showing that 43 North claims ownership of, or rights in, the other 42 sound recordings. A declaration about recordings that no one is disputing would resolve no “actual controversy” (28 U.S.C. § 2201(a)); it would merely be an advisory opinion.

Second, Plaintiff argues that Count I is distinct from the copyright infringement claim because 43 North has "wrongfully leveraged" the 1989 License Agreement "to falsely hold itself out as the copyright owner" to SoundExchange, the organization that collects and distributes royalties for digital performances of sound recordings. Pl.'s Opp. at 16–17. But that theory turns on exactly the same question: who owns the copyrights. Whether 43 North has "falsely h[eld] itself out" turns on whether Plaintiff owns the copyrights, which Plaintiff concedes is an element of a copyright infringement claim. Pl.'s Opp. at 16.

## II. CONCLUSION

For the foregoing reasons, and for the reasons set forth in 43 North's Motion, this Court should grant 43 North's motion to dismiss Counts I and III of Plaintiff's First Amended Complaint, with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 6, 2026

Respectfully submitted,

**COZEN O'CONNOR**

By: /s/ *Lisa A. Ferrari*
Lisa A. Ferrari (LF8081)
Frederick Chu (6189435)
3 WTC, 175 Greenwich Street, 55th floor
New York, New York 10007
Telephone: 212-297-2699
Email: Lferrari@cozen.com
Fchu@cozen.com

*Attorneys for Defendant 43 North Broadway, LLC*

**CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1(C)**

I certify that this brief complies with the word-count limitation of Local Civil Rule 7.1(C) and contains 2,905 words, exclusive of the caption, tables, and signature block.

*/s/ Lisa A. Ferrari*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS** has been served upon all counsel of record *via* email on November 6, 2026:

Leo M. Lichtman, Esq. (llichtman@cdas.com)
Isabella Hyun, Esq. (ihyun@cdas.com)
Cowan DeBaets Abrahams & Sheppard LLP
60 Broad Street, 30th Floor
New York, New York 10004

*Attorneys for Plaintiff Jeff Hubbard Productions, Inc.*

/s/ *Lisa A. Ferrari*